**Rose F. MATHES, Individually and as Independent Executrix of the Estate of Bill Nabors, Petitioner,**

v.

**Etta KELTON, Respondent.**

**No. B–7437.**

Supreme Court of Texas.

June 14, 1978.

Rehearing Denied July 12, 1978.

Jay U. Kirkman, Amarillo, for petitioner.

Miller, Miller & Russell, Dee Miller, Amarillo, for respondent.

CHADICK, Justice.

Mrs. Rose Mathes brought this suit for the return of a diamond ring and several pieces of furniture alleged to be owned by her and wrongfully held by Mrs. Etta Kelton. Mrs. Kelton filed a cross-action for judgment on a promissory note executed by Mrs. Mathes and for foreclosure on the ring which was pledged as security for the note. At the conclusion of the nonjury trial, the trial judge orally rendered judgment. He ordered Mrs. Kelton to return the furniture to Mrs. Mathes and gave Mrs. Kelton judgment against Mrs. Mathes on the note. Concerning the ring, the statement of facts shows that the trial court ordered it returned to Mrs. Mathes. Accordingly, a written judgment was prepared and signed on December 3, 1976 which complied with the oral pronouncements.

On December 13, 1976, Mrs. Mathes filed a motion for new trial. Also on that date, without notice to Mrs. Mathes, the trial judge signed a second judgment which altered the judgment of December 3 to the extent that Mrs. Kelton was given possession of the ring under foreclosure of the lien securing the note. Mrs. Mathes filed an amended motion for new trial on January 3, 1977.[1] At the hearing on that motion, the trial judge set aside the December 13 judgment on the ground that Mrs. Mathes was not afforded proper notice of the correction, and set a subsequent hearing for determination of whether a corrected judgment should be rendered in the case. Mrs. Mathes' amended motion for new trial was overruled in an order dated February 9, 1977. After the second hearing, the trial judge rendered a "corrected judgment" on February 11, 1977 which stated that it was a correction, nunc pro tunc, of the December 4 [sic], 1976 judgment. Again possession of the ring was awarded to Mrs. Kelton under foreclosure of the security interest. Mrs. Mathes appealed, arguing that the February 11 judgment did not validly change the December 3 judgment. She contends that changing possession of the ring constituted the correction of a judicial error which cannot be done by a judgment nunc pro tunc.

The Court of Civil Appeals upheld the validity of the February 11 judgment. 565 S.W.2d 78.[2] It concluded that the change in the award of possession of the ring was a clerical error and, therefore, correction by the judgment nunc pro tunc was valid. In its determination that a clerical error was involved, the Court relied upon the trial judge's statements that the December 3 judgment did not accurately reflect his decision in the case. He stated that he always intended for Mrs. Kelton to have possession of the ring under a foreclosure of the lien securing the note.

■ It is well settled that a judicial error cannot be corrected by a judgment nunc pro tunc. *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1968). One example of the correction of a judicial error is where the trial court determines that the terms of the judgment as rendered should be changed. *Dikeman v. Snell*, 490 S.W.2d 183 (Tex. 1973); *McHone v. Gibbs*, 469 S.W.2d 789

---

1. The twentieth day after the original motion for new trial was filed fell on January 2, 1977. However, since that day was a Sunday, the amended motion for new trial was timely filed on the following day. Rule 4, Texas Rules of Civil Procedure.

2. The Court of Civil Appeals modified the trial court's judgment as to the foreclosure and ordered the ring sold.

(Tex.1971); Reavley and Orr, Trial Court's Power to Amend Its Judgments, 25 Baylor L.Rev. 191, 197 (1973). In the present case, by changing the party entitled to possession of the ring from Mrs. Mathes to Mrs. Kelton, the February 11 judgment materially altered the substance of the December 3 judgment. That change constituted the correction of a judicial error which cannot be validly accomplished by a judgment nunc pro tunc.

While the February 11 judgment cannot be upheld as a judgment nunc pro tunc, it is nevertheless a valid judgment.[3] A trial court has plenary power to reverse, modify, or vacate its judgment at any time before it becomes final. *Turman v. Turman,* 123 Tex. 1, 64 S.W.2d 137 (1933); *Wear v. McCallum,* 119 Tex. 473, 33 S.W.2d 723 (1930); Reavley and Orr, *supra* at 205–06. In the present case where a timely amended motion for new trial was filed, the trial court's judgment did not become final until 30 days after that amended motion was overruled. Rule 329b(5), Texas Rules of Civil Procedure; *Dallas Storage & Warehouse Company v. Taylor,* 124 Tex. 315, 77 S.W.2d 1031 (1934); *Thompson v. Gibbs,* 504 S.W.2d 630 (Tex.Civ.App.—Dallas 1973, mand. overruled). The rendition of the February 11 judgment, two days after Mrs. Mathes' amended motion for new trial was overruled, occurred within the trial court's period of plenary power over its judgment. The judgment of February 11 is therefore a valid final judgment.

The judgment of the Court of Civil Appeals is affirmed.

---

**3.** While the February 11 judgment states that it is a correction, nunc pro tunc, that language does not limit the trial court's power to alter in any way its judgment in this case. In determining the validity of a judgment, it is substance and not the label or form that is controlling. *See International Security Life Insurance Company v. Spray,* 468 S.W.2d 347 (Tex.1971).