KOLLMAN STONE INDUSTRIES, INC.,
et al., Appellants,

v.

James R. KELLER, Appellee.

No. 8154.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 30, 1978.

Thomas H. Crofts, San Antonio, for appellants.

James A. Rindfuss, San Antonio, for appellee.

KEITH, Justice.

This appeal presents another instance wherein a trial judge, while attempting to correct an erroneous act on his part, has run afoul of the strict and unyielding rules governing the finality of judgments. Our further statement will serve to support our action in reversing and rendering the judgment from which the appeal has been perfected, thereby reinstating the first judgment signed in the cause.

### Statement of Facts

The appeal is by two of three defendants below from an adverse judgment rendered in a suit seeking a recovery on two promissory notes. Defendants filed their counterclaim seeking damages for fraud, usury and breach of contract, and the cause was tried to a jury. Both sides submitted motions for judgment and, on February 17, 1977, the trial judge signed that presented by the defendants which denied any recovery by any party against another.

The judgment was signed without notice to or knowledge of counsel and no notice of its entry in the minutes was furnished by the clerk. See *Rule 306d* [1] and *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 244–245 (Tex.1974).

No motion for new trial was filed within the thirty-day period following the signing of the judgment. *Rule 329b, § 5.* In fact, the parties learned of the existence of such judgment on March 22, 1977, when counsel appeared before the court to argue their respective motions for judgment in the cause. When counsel for one of the parties secured the original papers from the clerk, the judgment was found among such papers.

After careful study of the judgment which had been signed and entered in the minutes, the trial judge found that in one instance the middle initial of cross-defendant (plaintiff) had been incorrectly stated. Thereupon, in order to obviate the filing of a bill of review, the court invited counsel for the plaintiff to file a motion to correct the clerical error so that a judgment nunc pro tunc could be entered restoring plaintiff's rights to perfect an appeal from the take-nothing judgment.

Plaintiff filed such motion and on May 12 a new judgment was signed which was identical to that of February 17 except that the middle initial of cross-defendant was changed. This order recited that it was entered because the original judgment was the result of "an inadvertent clerical error." [2]

Plaintiff, with respect to this new judgment, timely filed a motion for new trial and such was amended within the time allowed by *Rule 329b.* Plaintiff also had pending at such time a motion to enter judgment in his behalf.

With this confused procedural tangle confronting the court, the trial judge added to the confusion on July 7 when he signed an order setting aside the judgment dated May 12 and ordering plaintiff to submit a judgment whereby he would recover a judgment against defendants. This order of July 7 is set out in the margin.[3]

On August 24, an entirely new judgment was signed which recited that it was based upon the jury's findings "and upon the basis of uncontroverted evidence" that plaintiff recover $14,935.57 on two promissory notes together with ten percent interest thereon together with $2,500.00 attorney's fees to bear interest at the rate of nine percent per annum, and denied cross-plaintiffs any relief on their cross-action. Defendants have appealed from an order which overruled their motion for new trial complaining of the entry of the August 24 judgment.

So as to bring our dates into proper focus, we chart the important dates in this sequence:

---

1. All references to rules are to the Texas Rules of Civil Procedure.

2. In *Williams v. State*, 461 S.W.2d 614, 618 (Tex.Cr.App.1970), the Court said: "[I]t is well established that an error in a person's middle name is immaterial, a middle name being unknown at common law." See also *Martin v. State*, 541 S.W.2d 605, 606 (Tex.Cr.App.1976).

   However, it has been held that the entry of a nunc pro tunc judgment is a proper method of correcting an error in the initials of the defendant. See *Rogers v. Allen*, 80 S.W.2d 1085 (Tex. Civ.App.—Eastland 1935, no writ), followed in *Goodyear Tire & Rubber Co. v. Pearcy*, 80 S.W.2d 1096, 1097 (Tex.Civ.App.—Eastland 1935, no writ), both involving interlineation of changes in the judgment of a justice of the peace court. *Rogers* is cited by Justice Reavley in the article "Trial Court's Power to Amend Its Judgments," *25 Baylor L.Rev. 191, 196, fn. 29 (1973).*

3. "On this the 7 day of July, 1977, the Court determined that the Judgment heretofore entered on May 12, 1977, adjudging that Plaintiff take nothing from Defendants, be set aside, and that Judgment be entered in favor of Plaintiff against Defendants for the amount due and owing under the promissory notes, such determination having been based upon further review and study of the post trial motions and briefs filed by the parties.

   "It is accordingly ORDERED, ADJUDGED, AND DECREED that the Judgment heretofore signed on the 12th day of May, 1977 whereby Plaintiff, James R. Keller, takes nothing from Defendants, Kollman Stone Industries, Inc., Jerry D. Kollman and Claude H. Stone, is hereby set aside and held for naught, and that Judgment for Plaintiff shall be entered against Defendants by the Court after such is submitted to the Court approved as to form by counsel for the parties."

| Date (all in 1977) | Event |
|---|---|
| January 5 | Verdict returned and received. |
| February 17 | Original judgment signed. |
| March 22 | "Discovery" of entry of original judgment. |
| May 12 | Signing of "nunc pro tunc" judgment. |
| June 6 | Plaintiff's amended motion for new trial filed. |
| July 7 | Order setting aside May 12 judgment. |
| August 24 | Judgment signed awarding plaintiff a recovery against defendants. |

Having no statement of facts, we do not express any opinion upon the merits, or lack thereof, of the claims of any of the parties. Our task is solely one of determining whether or not a final judgment was ever entered and, if so, when.

*Opinion*

Both parties, although for different reasons, contend that the May 12 judgment nunc pro tunc was a void judgment. We agree for the reasons now to be stated.

We turn first to a consideration of our jurisdiction to hear and determine the merits of the appeal. As the parties have noted in the briefs, ordinarily the contention we now face is addressed to the Supreme Court in a mandamus action. See the discussion and authorities cited in *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). See also the cases cited in Justice Daniel's dissenting opinion in *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 642 (Tex.1974).

■ No one contends that the Supreme Court does not have jurisdiction to entertain a mandamus action if any of the judgments are void. *Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex.1967); but, relief may be sought in the courts of civil appeals by

means of a direct appeal from the judgment. See *Dikeman v. Snell*, supra, where the Court said:

"[I]n some instances, relief from alleged invalid orders or judgments might be more easily obtained by appealing to the Court of Civil Appeals under Rule 306b. This would be the safer course, particularly where there is doubt as to whether the judgment is void, or where there are disputed issues of fact." (490 S.W.2d at 186)

See also *State v. Ferguson*, 133 Tex. 60, 125 S.W.2d 272, 274 (1939).

■ Whether the subsequent judgments are found to be void or voidable, this court has jurisdiction to consider the challenge thereto in a direct appeal. *Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961). We turn now to a consideration of the procedural problem before us.

■ Regardless of the reasons which may be assigned by the trial judge, the written judgment which he signed on February 17 was a judgment which disposed of all of the issues and the rights of the parties in the lawsuit. The clerk properly recorded it in the minutes of the court in Volume 242A at pages 840 and 841 of the minutes of the 131st District Court. It was a formal and solemn judgment of a court of record. Even though the trial judge may have mistakenly signed the February judgment,[4] it was "nevertheless a judicial act that is not subject to correction by nunc pro tunc order after expiration of the thirty-day period specified in Rule 329b." *Universal Underwriters Insurance Co. v. Ferguson*, 471 S.W.2d 28, 30 (Tex.1971). See also *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968). Or, as stated in *Love v. State Bank and Trust Co. of San Antonio*, 126 Tex. 591, 90 S.W.2d 819, 821 (1936), cited in *Finlay*, supra:

"The court unquestionably rendered the judgment which the judge signed and

---

4. We call to the attention of the bench and the bar this statement found in *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex.1978):

"It is the trial judge's ultimate responsibility to read every judgment and order, however long and however many, and to correct every judgment and order that ignores Rule 306a."

Such ultimate duty also includes careful attention to *all* of the other facets of the judgment making process.

which was entered on the minutes, or else there was no judgment rendered at all, as it would have been a useless thing to enter an order reciting that the case was not dismissed for want of prosecution."

Justice Reavley is the coauthor of an excellent article entitled "Trial Court's Power to Amend Its Judgments," [5] and emphasizes the importance of inclusion of the judgment in the minutes:

"The official record of the court is its minutes. Statutes require the clerk to enter judgments of the court, under direction of the judge, in that record. It is not the written draft of judgment signed by the judge and found among the papers of the cause which constitutes the official record of the court's judgment; it is the writing contained in the official minutes kept pursuant to [the] statutes." (at 192)

The Court in *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 566 (1937), held:

"Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such record; and docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders so entered in the minutes of the court."

This rule was followed in the recent case of *N–S–W Corporation v. Snell*, 561 S.W.2d 798, 799 (Tex.1977), wherein the Court said: "A docket entry may supply facts in certain situations . . . but it cannot be used to contradict or prevail over a final judicial order." (citations omitted)

The written judgment which the clerk entered in the minutes of the court on February 17 was a written memorandum filed with the clerk and was the sentence of the law pronounced by him in the cause. See authorities cited by Chief Justice Calvert in *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58–59 (Tex.1970). Consequently, the February judgment was a valid judgment until and unless set aside in accordance with the rules governing such proceedings. Cf. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 291 (1953).

Moreover, it is appropriate to note that it is well established that the "trial court may not make an order that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal." *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973). Yet, that was the single avowed and stated purpose of the order of May 12 when the nunc pro tunc judgment was signed.

■ The trial judge had no authority to sign the nunc pro tunc judgment in May setting aside the final judgment entered in February. The only effective remedy available to plaintiff when he learned of the entry of the February judgment was by way of a bill of review. *Deen v. Kirk*, 508 S.W.2d 70, 72 (Tex.1974), by following the procedures outlined in *Petro-Chemical Transport, Inc. v. Carroll*, supra (514 S.W.2d 240).

No motion for new trial having been filed after the signing of the February judgment, the decisions of our Supreme Court in *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978), and *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799 (Tex. 1978), are inapplicable.

Instead, all orders of the trial court subsequent to the signing of the first judgment in February are nullities and void. The provisions of *Rule 306b* did not revive the trial court's jurisdiction on May 12, 1977, so as to enable it to alter judicially the substantive provisions of the earlier February judgment.

The judgment entered on August 24, 1977, from which this appeal has been perfected is reversed and judgment now rendered setting aside said judgment as being wholly void. The effect of our judgment is to reinstate the judgment of February 17, 1977, which denied any recovery to any party to the litigation.

REVERSED and RENDERED.

5. T. Reavley and D. Orr, *25 Baylor L.Rev. 191 (1973)*.