**C & S TRUCK LINE, Appellant,**

v.

**John E. VALENTINE, et al., Appellees.**

No. 09 82 028 CV.

Court of Appeals of Texas, Beaumont.

Aug. 12, 1982.

Richard N. Evans, II, Beaumont, for appellant.

Robert Grossheim, Beaumont, for appellees.

OPINION

KEITH, Justice.

Defendant below appeals from an order which vacated in part an earlier order which set aside completely an agreed judgment. We reverse and render for the reasons now to be stated.

On October 30, 1981, an agreed judgment was entered whereby defendant paid a *total* sum of $7,500 to the several plaintiffs in a suit for personal injuries. The trial court apportioned the recovery among the adult plaintiffs and two minors. John Valentine, an adult plaintiff, accepted the sum of $5,000 awarded to him and the sums awarded to the two minor plaintiffs were paid into the registry of court with the district clerk receipting therefor. All of the adults and their lawyers signed the judgment which recited that it was fully satisfied.

On November 6, 1981, Valentine filed a "Motion to Vacate and Set Aside" the judgment of October 30, asserting that at the time he approved the settlement "he did not appreciate, nor realize that attorney's fees and costs would have to be deducted from the total amount of the $5,000.00 recovery provided in said Judgment ...." He was joined by Renee Valentine to whom $1,250 had been paid for medical expenses and

attorney's fees in the judgment. Valentine alleged in his unsworn motion that he would never have authorized his attorney to approve the judgment had he appreciated the reduction in his recovery. He prayed that the court "set aside and hold for naught the Judgment previously entered herein on October 30, 1981, which purports to settle and otherwise determine the merits of the Plaintiffs' cause of action against the Defendant, C & S Truck Line . . . ."

On November 5, 1981,[1] the trial court signed an order reciting the hearing of the motion to vacate and ordered:

"[T]he judgment previously entered herein in this Cause on October 30, 1981, is in all respects vacated and held for naught and that the Plaintiffs' cause of action against the Defendant, C & S Truck Line is in all respects reinstated on the docket and that the Plaintiffs are entitled to a Jury Trial on the merits."

Two significant omissions appear in this order: (1) there is no recitation that defendant had notice of the hearing or an opportunity to participate therein, and (2) apparently the plaintiffs kept the various sums aggregating $7,500 which had been paid to them earlier under the judgment which was vacated. We are not called upon to dispose of either of the questions just noted.

Defendant filed its motion to set aside the November order which had vacated the earlier agreed judgment, the motion bearing a file mark of January 8, 1982. On February 9, 1982, an order dated February 5 was filed for record. This order recited that the Court, by the order of November 5, intended "to vacate the judgment as to John E. Valentine, Plaintiff, only, and to permit the judgment as to the other Plaintiffs . . . to remain and be final."

The order continued:

"It is Ordered, Adjudged, and Decreed by the Court that the Court's order entered on November 5, 1981, vacating the judgment entered on October 30, 1981, is hereby corrected and the judgment entered on October 30, 1981, is vacated and set aside as to John E. Valentine, Plaintiff, only, and the judgment entered on October 30, 1981, as to the Plaintiffs, Renee Valentine, Cynthia Hinson, and Bryant Hinson is final as originally ordered and is adopted as to them as if copied herein in full."

■ The judgment of October 30, 1981, awarding various sums of money to the several plaintiffs was a solemn judicial act on the part of the Court. However, under the plain provisions of *Tex.R.Civ.P. 329b, subdiv. (d)*, the trial court had "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment [was] signed." Consequently, the order of November 5, 1981, was a valid exercise of judicial authority. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978).

■ But, the order of February 5, 1982, which vacated the order of November 5, 1981, was entered after the expiration of the time when the court could exercise plenary power. Although called a "nunc pro tunc" order, it was clearly an untimely attempt to correct a judicial error. As was said in *Mathes v. Kelton, supra*:

"It is well settled that a judicial error cannot be corrected by a judgment nunc pro tunc. . . . One example of the correction of a judicial error is where the trial court determines that the terms of the judgment as rendered should be changed. . . ." (569 S.W.2d at 877, citations omitted)

1. The mistake in the dates is immaterial in this instance although the entry of an order granting relief a day before a request for such action is filed is not a recommended practice.

Attention is called to language appearing in *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex.

1978), as to care to be used in signing judgments and orders. See also, J. Pope and S. McConnico, "Practicing Law with the 1981 Texas Rules", *32 BAYLOR L.REV. 457, 493–496 (1980)*.

The trial court had no authority to revise in February its order entered in November; it was an attempt to correct a judicial error in a judgment which was final. See T. Reavley and D. Orr, "Trial Court's Power to Amend Its Judgments", *25 Baylor L.Rev. 191 (1973).*

We hold that the February order is void; and, the effect of such holding is to reinstate and hold to be valid the order of November 5, 1981, which set aside the prior judgment. See generally, *Kollman Stone Industries, Inc. v. Keller,* 574 S.W.2d 249, 252 (Tex.Civ.App.—Beaumont 1978, no writ).

After the preparation of the foregoing opinion, but before its release, the parties filed a joint motion to dismiss the appeal and to remand the cause to the trial court "for proper orders reinstating the Final Judgment entered by the trial court on October 30, 1981." The prayer is that this Court should grant such relief and remand the cause to the trial court "so that it may have jurisdiction to reinstate the Final Judgment of October 30, 1981."

Ordinarily, we grant joint motions of the parties so as to facilitate the settlement of disputed cases. However, we are unwilling to join in an effort to revive a judgment which was set aside by a valid final order. Even if we were to grant the joint motion, our action would not authorize the trial court to "reinstate" its October judgment.

The 1981 amendment to *Subdiv. (f), Tex. R.Civ.P. 329b,* for the first time authorized trial courts to "sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired." Prior to this amendment, such orders ordinarily were expunged by original mandamus proceedings in the Supreme Court. Indeed, the practice had become well established. *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973). However, relief from such void nunc pro tunc orders could also be procured under the provisions

of *Tex.R.Civ.P. 306b, Dikeman v. Snell,* supra; *Kollman Stone Industries, Inc. v. Keller,* supra.

If the joint motion of the parties contemplated the vacation of the November order, such would be proper under the amended rule; but, we may not, even by agreement of the parties, authorize the trial court to commit a void act. The joint motion to remand is denied.[2]

The February order is reversed and judgment rendered declaring the November order to be a valid final order.

REVERSED and RENDERED.

---

**2.** Since the effect of our order is to hold that the cause is pending untried upon the docket of the trial court, we see no impediment to a settlement of the litigation in accordance with the joint motion. Such must be done by the entry of a new judgment in the cause, not the "reinstatement" of the original judgment.