Appraisers v. Remington 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-589-CV





APPRAISERS, BROKERS & CONSULTANTS, INC.; GEORGE C. MACDONALD;


AND MARGARET E. MACDONALD,



 APPELLANTS


vs.





REMINGTON INVESTMENTS, INC., ASSIGNEE OF THE FEDERAL DEPOSIT


INSURANCE CORPORATION, RECEIVER FOR BANCFIRST-AUSTIN, N.A.,




 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 91-9451, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING



 





PER CURIAM



 Appellee Remington Investments, Inc., sued appellants Appraisers, Brokers &
Consultants, Inc.; George MacDonald; and Margaret MacDonald to recover on a promissory note. 
The trial court rendered an "Agreed Judgment" on January 15, 1992, in favor of appellee for the
amount of principal and interest due, plus attorney's fees. No party appealed this judgment. On
July 30, 1992, the trial court signed a second judgment between the parties on the same cause of
action. This judgment also granted appellee recovery of principal and interest due on the note and
further ordered the foreclosure of appellee's lien on certain real property and issuance of an order
of sale. From the judgment signed July 30, appellants bring this appeal.

 In point of error one, appellants contend that the trial court's judgment of July 30
was void because it was rendered after the court had lost jurisdiction of the cause. On February
4, 1992, appellee filed a motion to set aside the judgment signed January 15, alleging that the
attorney for appellants had not consented to the judgment. Although appellee requested a hearing
on its motion to set aside, the record does not show that the trial court ever heard or ruled on the
motion. The next filed document appearing in the transcript is the judgment the trial court signed
on July 30. 

 A judgment is final if it disposes of all issues and parties in the cause and renders
unnecessary any further judicial action except to execute the judgment. Baker v. Hansen, 679
S.W.2d 480, 481 (Tex. 1984); Elizondo v. Williams, 643 S.W.2d 765, 767 (Tex. App.--San
Antonio 1982, no writ). An agreed judgment has the same degree of finality and binding effect
as does one rendered by the court after an adversary proceeding. Pollard v. Steffens, 343 S.W.2d
234, 239 (Tex. 1961); Hill v. Hill, 599 S.W.2d 691, 692 (Tex. Civ. App.--Austin 1980, no writ). 
A trial court can render only one final judgment in a cause. Tex. R. Civ. P. 301. To set aside
a judgment during its period of plenary power, the court must either sign an order expressly
vacating the judgment or render a second judgment showing that the court vacates the first. 
McCormack v. Guillot, 597 S.W.2d 345, 346 (Tex. 1980); Stephens v. Henry S. Miller Co., 667
S.W.2d 250, 252 (Tex. App.--Dallas 1984, writ dism'd by agr.). 

 The "Agreed Judgment" signed in January disposed of all issues and parties and
required no further action except to execute the judgment, making it a final judgment. Although
this judgment did not explicitly award appellee foreclosure of its lien, foreclosure would simply
be a means of satisfying the judgment alternative to directly paying the balance due on the note. 
Thus, the first judgment did not determine that foreclosure was not an option. Treating appellee's
motion to set the judgment aside as a motion to modify, correct, or reform under Rule of Civil
Procedure 329b, the trial court's plenary power extended 105 days beyond the signing of the first
judgment or until April 29, 1992. Tex. R. Civ. P. 329b(c), (e); see 5 Texas Civil Practice § 29:4,
at 264 (Diane M. Allen et al. eds., 1992 ed.). During this 105 days, the trial court neither signed
an order expressly vacating the first judgment nor issued a second judgment indicating that it
vacated the first. After April 29, 1992, the trial court lost jurisdiction of the cause and could only
set the first judgment aside by bill of review for sufficient cause. Tex. R. Civ. P. 329b(f);
McCormack, 597 S.W.2d at 346. Beyond the period of plenary power, the trial court lost its
power not only to change the judgment, but to uphold it as well. Times Herald Printing Co. v.
Jones, 730 S.W.2d 648, 649 (Tex. 1987). 

 Because the trial court had no jurisdiction to render the judgment of July 30, the
judgment is void. Times Herald Printing Co., 730 S.W.2d at 649; Southern County Mut. Ins. Co.
v. Powell, 736 S.W.2d 745, 748 (Tex. App.--Houston [14th Dist.] 1987, no writ); Kollman Stone
Indus., Inc. v. Keller, 574 S.W.2d 249, 252 (Tex. Civ. App.--Beaumont 1978, no writ). We
therefore sustain point of error one. Our disposition of this point renders it unnecessary to
consider the remaining points of error.

 This Court has jurisdiction of an appeal from a void judgment to declare its
invalidity and to set it aside. Continental Casualty Co. v. Street, 364 S.W.2d 184, 186 (Tex.
1963); Fulton v. Finch, 346 S.W.2d 823, 827 (Tex. 1961); Haun v. Steigleder, 830 S.W.2d 833,
834 (Tex. App.--San Antonio 1992, no writ); Caddell v. Gray, 544 S.W.2d 481, 483 (Tex. Civ.
App.--Waco 1976, no writ) (opinion on rehearing). We accordingly vacate the judgment the trial
court rendered on July 30, 1992, as being void.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Judgment Vacated 

Filed: December 8, 1993

Do Not Publish