

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00012-CV

———————————————

RICK EMMERT, Appellant

V.

WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTINA TRUST, AS TRUSTEE, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS INDENTURE FOR ARLP, SECURITIZATION TRUST, SERIES 2015-1, AND RUSHMORE LOAN MANAGEMENT SERVICES, LLC, Appellees

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-303682-18

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In this title dispute, Wilmington Savings Fund Society, FSB d/b/a Christina Trust, as Trustee, not in its individual capacity but solely as indenture for ARLP, Securitization Trust, Series 2015-1, and Rushmore Loan Management Services, LLC moved for summary judgment on res judicata and collateral-estoppel grounds, arguing that a 2017 judgment barred Rick Emmert's current suit against them. The trial court granted the motion, and Emmert appealed, arguing in two issues that the 2017 judgment did not bar his current suit. Because Emmert did not brief all possible grounds on which the summary judgment could have been granted, we affirm the trial court's judgment.

## Background

In May 2008, Emmert signed a home-equity security instrument granting a lien on his home in favor of Wachovia Mortgage, FSB to secure a $600,000 home-equity note. After Emmert defaulted on the loan in December 2009, the then mortgage servicer sent Emmert a notice of default and intent to accelerate. When he failed to cure, the then mortgage servicer accelerated the note.

In June 2014, U.S. Bank, which had taken ownership of the loan, sued Emmert and junior lienholder Regions Bank to foreclose on U.S. Bank's lien.[1] *See* Tex. R. Civ.

---

[1]Emmert is the note's sole obligor, but both he and his wife signed the security instrument. Although U.S. Bank also sued Emmert's wife in 2014, she is not a party to this case.

P. 309, 310, 735, 736. Regions Bank was served but never answered. Emmert answered and asserted several counterclaims and affirmative defenses, including limitations.

During that suit's pendency, U.S. Bank sold the loan to Wilmington. Wilmington substituted as plaintiff and moved for summary judgment on its judicial-foreclosure claim and on most of Emmert's counterclaims and affirmative defenses.

In March 2017, the trial court granted the motion and signed a judicial-foreclosure judgment. *See* Tex. R. Civ. P. 309, 310. The 2017 judgment did not mention Regions Bank[2] but stated that it was "a final judgment that disposes of all issues" and that "all relief not expressly granted is denied." Emmert appealed from that judgment, arguing that the trial court had erred by granting summary judgment for Wilmington because limitations had barred the foreclosure action and because Wilmington had failed to accelerate the note. *Emmert v. Wilmington Savs. Fund Soc'y, FSB*, No. 02-17-00119-CV, 2018 WL 1005002, at *2–5 (Tex. App.—Fort Worth Feb. 22, 2018, no pet.) (mem. op.). We affirmed the 2017 judgment. *Id.* at *5.

In October 2018, Wilmington and Rushmore (the current mortgage servicer) foreclosed on the property, and Wilmington bought the property at the foreclosure sale. Emmert then promptly sued Wilmington and Rushmore to quiet title and to stop Wilmington and Rushmore from evicting him. The trial court temporarily restrained

---

[2]Regions Bank is listed in the judgment's style but is not mentioned in the body of the judgment.

Wilmington and Rushmore from evicting Emmert and from conveying the property. After the suit was removed to federal court and remanded back to state court, Wilmington and Rushmore moved for summary judgment on res judicata and collateral-estoppel grounds, arguing that the 2017 judgment barred Emmert's current suit.

Emmert responded that the 2017 judgment did not bar his current suit because that judgment was interlocutory in that it did not actually dispose of all parties and all claims—specifically Regions Bank and Emmert's limitations affirmative defense—or because it failed to clearly and unequivocally state that it did. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (explaining that when "there has not been a conventional trial on the merits," a judgment is final and appealable if it actually disposes of all claims and all parties or if it "clearly and unequivocally" states that it does). He also asserted that limitations was not "a res judicata issue as dates change daily." His response did not address Wilmington and Rushmore's collateral-estoppel ground for summary judgment.[3]

---

[3]Wilmington and Rushmore's summary-judgment motion was entitled "Defendants' Motion for Summary Judgment Based on Res Judicata," but they moved for summary judgment "on the basis that this lawsuit is barred by res judicata, collateral estoppel and/or issue preclusion." We note that "res judicata" is a generic name for the general doctrine on the conclusive effects of a final judgment, and within that general doctrine, claim preclusion (res judicata) and issue preclusion (collateral estoppel) are related concepts. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992); *New Talk, Inc. v. Sw. Bell Tel. Co.*, 520 S.W.3d 637, 645 (Tex. App.—Fort Worth 2017, no pet.) (citing *Barr*, 837 S.W.2d at 628). And a motion's character is determined by its substance, not its title. *See Bradshaw v. Sikes*,

The trial court granted Wilmington and Rushmore's summary-judgment motion without specifying the grounds on which it relied.[4] Emmert has appealed and raises two issues: (1) the trial court erred by granting summary judgment because we did not have jurisdiction over his appeal from the 2017 judgment because that judgment was interlocutory and (2) the trial court erred by granting summary judgment on res judicata grounds because the 2017 judgment was not final.

**Analysis**

When, as here, a party moves for summary judgment on multiple grounds and the trial court's summary-judgment order does not specify the ground (or grounds) on which it is based, the appellant must negate all possible grounds on which the summary judgment could be based. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). To accomplish this, an appellant may challenge a summary judgment by making either a general assignment of error covering all possible

---

No. 02-11-00169-CV, 2013 WL 978782, at *3 (Tex. App.—Fort Worth Mar. 14, 2013, pet. denied) (mem. op.) (citing 51 Tex. Jur. 3d *Motion Procedure* § 3 (2008)); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title.").

[4]The title of the trial court's order granting summary judgment is "Order Granting Defendants' Motion for Summary Judgment Based on Res Judicata." That is, the trial court's order mirrors the title of the summary-judgment motion. *See Mathes v. Kelton*, 569 S.W.2d 876, 878 n.3 (Tex. 1978) (stating that the substance and not the label or form of a judgment is controlling in determining its validity). The body of the order does not identify the grounds on which the trial court granted the motion.

summary-judgment grounds (a "*Malooly* issue") or specific assignments of error for each individual ground. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Rollins v. Denton Cty.*, No. 02-14-00312-CV, 2015 WL 7817357, at *2 (Tex. App.—Fort Worth Dec. 3, 2015, no pet.) (mem. op.). But "[e]rror is not preserved as to every ground on which summary judgment could be based simply by raising a general issue; the appellant must also support the issue with argument and authorities challenging each ground." *Rollins*, 2015 WL 7817357, at *2. "When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Id.*

Here, Wilmington and Rushmore moved for summary judgment on res judicata and collateral-estoppel grounds. As noted, res judicata has been used as a broad term for the related concepts of claim preclusion (res judicata) and issue preclusion (collateral estoppel). *See Barr*, 837 S.W.2d at 628. Although res judicata and collateral estoppel fall within the same "doctrinal umbrella," they are two distinct legal theories. *McShaffry v. LBM-Jones Rd., L.P.*, No. 01-10-01151-CV, 2011 WL 6306684, at *2 (Tex. App.—Houston [1st Dist.] Dec. 15, 2011, no pet.) (mem. op. on reh'g) (citing *Barr*, 837 S.W.2d at 628).

Res judicata bars the relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). For res judicata to

6

apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

Collateral estoppel precludes the relitigation of issues resolved in a prior suit. *Barr*, 837 S.W.2d at 628. A party relying on the collateral-estoppel bar must prove that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994). "[T]he judgment requirement for collateral estoppel does not always require a final, appealable judgment." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 385 (Tex. 1985). Rather, the test for finality for collateral-estoppel purposes is "whether the conclusion in question is procedurally definite," which requires consideration of several factors: whether "the parties were fully heard, [whether] the court supports its decision with a reasoned opinion[, and whether] the decision was subject to appeal or was in fact reviewed on appeal." *Id.* (quoting Restatement (Second) of Judgments § 13 cmt. g (Am. Law Inst. 1982)).

Although res judicata and collateral estoppel are related concepts, they are independent affirmative defenses. *McShaffry*, 2011 WL 6306684, at *2. Emmert thus must negate both grounds because the trial court did not specify the ground or

7

grounds on which it granted summary judgment, *see Star-Telegram*, 915 S.W.2d at 473; *McShaffry*, 2011 WL 6306684, at *2, notwithstanding the order's title, *see Mathes*, 569 S.W.2d at 878 n.3.

Within Emmert's two appellate issues, he challenges the trial court's granting Wilmington and Rushmore's summary-judgment motion on the res judicata ground, arguing that because the 2017 judgment was not final, the summary judgment on Wilmington and Rushmore's res judicata affirmative defense based on that judgment was erroneous. But Emmert does not challenge the summary judgment on Wilmington and Rushmore's collateral-estoppel affirmative defense. He confines his appellate arguments to the 2017 judgment's finality and res judicata's applicability and offers no legal analysis, argument, citations to the record, or citations to legal authority arguing that collateral estoppel did not bar his suit.[5] *See* Tex. R. App. P. 38.1(h). Because the trial court could have granted summary judgment on the basis that Emmert's claims were barred by either res judicata or collateral estoppel, and Emmert did not challenge the collateral-estoppel ground, we must affirm the judgment. *See McShaffry*, 2011 WL 6306684, at *2–3; *Iglesia Hispana Nueva Vida Hous., Inc. v. Rosin*, No. 01-06-00048-CV, 2007 WL 1633723, at *3 (Tex. App.—Houston [1st Dist.] June 7, 2007, no pet.) (mem. op.). We thus overrule Emmert's two issues.

---

[5]Although Emmert challenges the collateral-estoppel grounds in his reply brief, a party cannot raise an issue in his reply brief that he did not raise in his brief on the merits. *See Rollins*, 2015 WL 7817357, at *2 n.6 (explaining well-established principle and listing supporting authority).

## Conclusion

Having overruled Emmert's two issues, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  February 25, 2021