

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00082-CV

IN THE INTEREST OF A.G.F.W., A CHILD

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 73540

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

The 62nd Judicial District Court of Lamar County (62nd District Court) entered a judgment nunc pro tunc (2024 Judgment Nunc Pro Tunc) altering a prior order to indicate that the order was entered by the 62nd District Court rather than the 6th Judicial District Court of Lamar County (6th District Court). Appellant Rustin P. Wright (Father) challenges the validity of the 2024 Judgment Nunc Pro Tunc. In four issues, Father argues that: (1) the nunc pro tunc could not be used to "'resurrect' and 'validate' an ancient trial court order that was itself already void *ab initio*," (2) the nunc pro tunc cannot "be used to change the designation of the . . . issuing trial court," (3) "a motion to transfer venue, based upon over one (1) year of established residential County of the child of the parties, [cannot] be simply ignored by the trial court, when neither of the parties themselves have lived within the County of the court of continuing exclusive jurisdiction for roughly a full decade already," and (4) the "trial court proceedings [are] void for lack of jurisdiction after the child becomes an adult while institutionalized in a Nebraska high school, later moving to Spain to live and attend schooling there, yet later to return to the State of Texas." Because we find that the trial court was correcting a clerical error in the underlying judgment, we affirm.

I.      **Background**

This matter arises from an underlying suit affecting the parent-child relationship involving Father and Ashley B. Womack (Mother) as to their mutual child (now an adult). Initiated in the 6th District Court, the matter was subsequently transferred by order to the 62nd District Court on June 2, 2015. On June 21, 2018, an "Order in Suit to Modify Parent-Child

2

Relationship" was signed (the Modification Order). The style of the Modification Order indicates that it is out of the 6th District Court. In August 2018, Father removed the case to federal district court. Shortly after removal, there were numerous filings and orders entered in the 62nd District Court, including a signed "Order on Motion for Judgment Nunc Pro Tunc" (2018 Judgment Nunc Pro Tunc) which purported to correct the style of the Modification Order to show the 62nd District Court, not the 6th District Court, as the originating court for the Modification Order.

On September 5, 2018, the matter was transferred from the 62nd District Court to Parker County, Texas, by order of the 62nd District Court. Father attempted to appeal numerous orders as void, but his appeal was ultimately dismissed for want of jurisdiction by this Court. *In re A.G.F.W.*, No. 06-19-00001-CV, 2019 WL 1050677, at *2 (Tex. App.—Texarkana Mar. 6, 2019, no pet.) (mem. op.). On February 4, 2019, the federal court remanded the matter back to the district court level.

The record before us does not contain any filings between the February remand and the December 2023 motion to consolidate; however, the following facts are set forth in *In re A.W.*, No. 02-22-00272-CV, 2023 WL 4630630 (Tex. App.—Fort Worth July 20, 2023, no pet.) (mem. op.), a prior appeal concerning the underlying facts in this case. As set forth in that memorandum opinion, in August 2019, Mother filed a modification suit in Parker County to modify the 2018 Judgment Nunc Pro Tunc and to enforce Father's child support obligations. *Id.* at *2. Father contested the motion and moved to dismiss the matter for lack of jurisdiction,

3

arguing that jurisdiction remained in Lamar County, not Parker County. *Id.* Father's motion was

denied, and the case was tried to a jury, which

> found that joint managing conservatorship of [the child] should be replaced with sole managing conservatorship and that Mother should be appointed as [the child's] sole managing conservator. The jury also found that Mother's reasonable and necessary attorney's fees were $90,000 for representation in the trial court, $20,000 for representation in the court of appeals, and $20,000 for representation in the Texas Supreme Court. The jury further found that Father's reasonable and necessary attorney's fees were $85,000.

*Id.* Father appealed, and the Second District Court of Appeals held that the trial court erred in

failing to grant Father's motion to dismiss for lack of jurisdiction, explaining:

> A trial court acquires continuing, exclusive jurisdiction over the parties and subject matter of an original suit affecting the parent–child relationship (SAPCR) when the court enters a final order in that suit. [TEX. FAM. CODE ANN.] §§ 155.001(a), 155.002. Once acquired, a trial court with continuing, exclusive jurisdiction retains jurisdiction over the parties and subject matter, *id.* § 155.002, unless that jurisdiction has been transferred to another court under the transfer provisions outlined in Chapter 155 of the Texas Family Code, an adoption suit has been filed, or an emergency exists as set out in chapter 262 of the Code. *See id.* § 155.001(c); *see also id.* § 103.001(b) (venue for adoption suit); §§ 155.201–.207 (transfer provisions), § 262.002 (jurisdiction for emergency proceedings). Here, the Lamar County Court had continuing, exclusive jurisdiction over the matter when it signed the June 2018 default modification order.
>
> When Father removed the case to federal district court on August 9, 2018, the Lamar County Court—indeed any state court—was divested of jurisdiction from that date until the case was remanded. *See* 28 U.S.C.A. § 1446(d) (stating that a removal notice filed and served on all adverse parties and filed with state-court clerk "shall effect the removal and the State court shall proceed no further unless and until the case is remanded"); *Roman Cath. Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020); *see also Resol. Tr. Corp. v. Murray*, 935 F.2d 89, 92–93 (5th Cir. 1991) (explaining that "a state court has no power to proceed with a case which has been properly removed to federal court"). Once a case is removed from state court to federal court, the state court loses all jurisdiction over the case, and "its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, P.R.*, 140 S. Ct. at 700 (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493

4

(1880)); *see In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007) (orig. proceeding) ("From the time the case was removed to federal court until it was remanded to state court, the state court was prohibited from taking further action." (citing 28 U.S.C.A. § 1446(d))).

Here, the Lamar County Court signed its September 2018 transfer order after Father had removed the case to federal district court but before the federal court remanded the case in February 2019. Because the Lamar County Court had no jurisdiction over the case when it signed the transfer order, that order was void. *See Roman Cath. Archdiocese of San Juan*, *P.R.*, 140 S. Ct. at 700. The Lamar County Court thus never transferred the case to Parker County.

*In re A.W.*, 2023 WL 4630630, at *3–4 (alterations in original) (footnote omitted). The Second District Court of Appeals then sustained Father's issue regarding his motion to dismiss, "vacate[d] the trial court's judgment and dismiss[ed] Mother's suit without prejudice." *Id.* at *5.

In September 2024, Mother filed a motion for judgment nunc pro tunc in the 62nd District Court, seeking the same correction related to the style of the case in the Modification Order. Father opposed the motion, arguing that Mother was attempting to defraud the trial court by seeking to "falsely convert an ancient order," which he argued was "absolutely void." Father then sought to transfer the case to Collin County because the child lived there for over six months and none of the parties remained in Lamar County. On October 10, 2024, the 62nd District Court granted Mother's motion for a judgment nunc pro tunc and corrected the style of the Modification Order to reflect origination out of the 62nd District Court. The 2024 Judgment Nunc Pro Tunc is the basis for this appeal.

## II.    The 2024 Judgment Nunc Pro Tunc

By his first issue, Father contends that the underlying Modification Order was void because the 6th District Court transferred the matter to the 62nd District Court, thus divesting the

5

6th District Court of jurisdiction. By his argument, Father asserts that the Modification Order originated from the 6th District Court, not actually the 62nd District Court. Father's assertion is the crux of the underlying 2024 Judgment Nunc Pro Tunc. Father further asserts by his second issue that the issuing trial court cannot be altered by a nunc pro tunc because it is "a substantively fundamental change of validity jurisdiction."

### A. Standard of Review and Applicable Law

Once the trial court has lost its jurisdiction over a judgment, it can only correct clerical errors in the judgment entered by using a judgment nunc pro tunc. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A clerical error is an error that is made during the entry of a judgment. *Wittau v. Storie*, 145 S.W.3d 732, 735–36 (Tex. App.—Fort Worth 2004, no pet.) (per curiam) (citing *Escobar*, 711 S.W.2d at 231). "A clerical error . . . is a mistake or omission that prevents the judgment as entered from accurately reflecting the judgment that was rendered." *Id.* at 735 (citing *Escobar*, 711 S.W.2d at 231; *Univ. Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 29–30 (Tex. 1971) (orig. proceeding); *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)). Judicial errors, on the other hand, "arise[] from a mistake of law or fact that results from judicial reasoning or determination." *Id.* at 735–36 (citing *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam); *LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 783 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). "A judicial error occurs in the rendition, as opposed to the entry, of a judgment." *Id.* at 736 (citing *Escobar*, 711 S.W.2d at 231).

"Whether the trial court previously rendered judgment and the content of the judgment are fact questions for the trial court, but whether an error in the judgment is judicial or clerical is a question of law." *Id.* (citing *Escobar*, 711 S.W.3d at 232; *Butler*, 31 S.W.3d at 647). "Where, as here, no findings of fact or conclusions of law were filed, the trial court's judgment implies all findings of fact necessary to support it." *Id.* (citing *Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996)).

**B.      Clerical Error**

We first address whether the 2024 Judgment Nunc Pro Tunc was addressing a clerical or judicial error.

"A clerical error is one which, after being corrected, does not change the terms of the judgment as rendered." *Gutierrez v. Elizondo*, 139 S.W.3d 768, 771 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (citing *Mathes v. Kelton*, 569 S.W.2d 876, 877 (Tex. 1978)). Here, the only change made by the 2024 Judgment Nunc Pro Tunc was to indicate that the Modification Order originated out of the 62nd District Court, rather than the 6th District Court. That correction did not change any of the terms of the judgment. Moreover, such a correction would not be judicial in nature as it did not correct a mistake in law or fact in the underlying order. *See W. Tex. State Bank v. Gen. Res. Mgmt. Corp.*, 723 S.W.2d 304, 306 (Tex. App.—Austin 1987, writ ref'd n.r.e.). As a result, we find that the error corrected was clerical.

**C.      Originating Court**

Having determined that a correction to the originating court on the style of the judgment is clerical in nature, we now turn to whether the evidence supports that the 62nd District Court

7

entered the order. The underlying Modification Order states that it came after the trial court held the May 16, 2018, hearing. The record is clear from the May 2018 hearing that it was held in the 62nd District Court. Furthermore, the case had already been transferred out of the 6th District Court to the 62nd District Court prior to May 2018 and had not yet been, albeit invalidly, transferred to the Parker County court. *See In re A.W.*, 2023 WL 4630630, at *1.

Father cites to the Second District Court of Appeals's opinion to support his contention that the underlying order is void. However, that opinion says just the opposite, and in fact, the language in that opinion supports the 2024 Judgment Nunc Pro Tunc. The Second District Court of Appeals stated,

> The [2018] judgment nunc pro tunc, which was likewise signed while the case was removed to federal court, is also void. But the June 21, 2018, default modification order—which the parties do not dispute was in fact signed by the 62nd District Court—is not void; its signing predated Father's removal to federal court.

*Id.* at *4 n.5. Because the record supports the clerical change from the 6th District Court to the 62nd District Court on the Modification Order, we overrule Father's first two issues.

## III. Jurisdiction

In his third issue, Father contends that the trial court was required to address his jurisdictional challenge prior to the nunc pro tunc motion. He argues that "the child of the parties had already lived in Collin County for over one (1) year" and that his motion to transfer venue should have been addressed first. In support of his position, he cites to *Texas Department of Parks & Wildlife v. Miranda* for the proposition that a "trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before

8

allowing the litigation to proceed." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Here, however, the 62nd District Court was not "deciding" the case, but rather the motion before the 62nd District Court was for entry of a nunc pro tunc judgment, an issue over which the 62nd District Court had sole jurisdiction. When a trial court correctly issues a judgment nunc pro tunc, it takes action in conformity with, rather than contrary to, the original, final judgment. *See Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 572 (Tex. App.—Texarkana 2004, no pet.). For that reason, a trial court's entry of a judgment nunc pro tunc does not reopen the merits of the original case, nor can it. Rather, "[a] nunc pro tunc judgment, although signed later, relates back to the date of the original judgment and is effective as of the earlier date." *Id.* at 573. Accordingly, the trial court did not err in entering the judgment nunc pro tunc without first ruling on Father's motion to transfer venue. We, therefore, overrule Father's third issue.

## IV. Emancipation of the Child

In Father's fourth and final issue, he argues that

> an alternative reasonable solution to disposing of this appeal properly could also be to simply declare that all proceedings since the child has reached the age of majority are dismissed or otherwise vacated for lack of jurisdiction after the emancipation event, and to direct the trial court to close the case.

Father, however, presents no authority for such an argument, no caselaw or citations, and no support for his argument. *See* TEX. R. APP. P. 38.1. Furthermore, Father does not address the time limitations as set forth in the Texas Family Code, which grant the trial court jurisdiction over contempt orders for failure to comply with child support for an additional two years after the child becomes an adult and for an additional ten years after the child becomes an adult in

matters related to the amount of "child support, medical support, and dental support arrearages and render cumulative money judgments for past-due child support, medical support, and dental support." *See* TEX. FAM. CODE ANN. § 157.005 (Supp.). As a result, we find that the issue is inadequately briefed, and we decline to address it. *See* TEX. R. APP. P. 38.1(h); *Manning v. Johnson*, 642 S.W.3d 871, 884–85 (Tex. App.—Texarkana 2021, no pet.). Accordingly, Father's fourth issue is overruled.

## V.     Conclusion

We affirm the judgment of the trial court.


Scott E. Stevens
Chief Justice


Date Submitted:          April 7, 2025
Date Decided:            May 13, 2025