The **HOME INDEMNITY COMPANY**, Appellant,

v.

Barbara June **MUNCY** et vir, Appellees.

Nos. 448, 449.

Court of Civil Appeals of Texas.

Tyler.

Dec. 31, 1969.

Rehearing Denied Jan. 22, 1970.

Wm. Hurwitz, Fred Erisman, Longview, Jones, Jones & Baldwin, Marshall, for appellees.

MOORE, Justice.

Plaintiffs Barbara June Muncy and husband, Charles Muncy instituted this suit against defendant, The Home Indemnity Company, seeking to recover under a public liability policy of insurance issued by defendant to C. L. Lane and wife, Alice Hudnall Lane, upon an automobile owned by them. For convenience the parties will hereinafter be referred to as plaintiffs and defendant as in the court below.

The controversy arose in this manner: On April 10, 1964, plaintiffs obtained a judgment for personal injuries in the amount of $225,000.00 against defendants' insureds, C. L. Lane and wife, Alice Hudnall Lane, and General Motors Corporation, in the United States District Court for the Eastern District of Texas. This suit grew out of an incident in which the automobile owned by the Lanes went out of control and struck plaintiff's wife, Barbara June Muncy, resulting in severe personal injuries. Defendant's policy of insurance limited its coverage to the sum of $5,000.00 for personal injuries suffered by any one person as a result of a collision with the automobile. On April 14, 1964, four days after the entry of the original judgment, defendant, The Home Indemnity Company, deposited the principal amount of its policy into the registry of the court by delivering a cashier's check in the amount of $5,000.00 to the District Clerk. Subsequently, on April 15, 1964, plaintiffs discovered that the judgment did not provide for joint and several liability on the part of all the defendants named therein. Thereupon plaintiffs presented the court with a motion to amend the judgment so as to include a provision for joint and several liability. The court granted the plaintiffs' motion and entered the amended judgment on April 15, 1964. Both the original and amended judgments provided

Burford, Ryburn & Ford, Wayne Pearson, by Spencer C. Relyea, III, Dallas, for appellant.

for the payment of interest on the sum of $225,000.00 at the rate of six per cent (6%) per annum from April 10, 1964, until paid, together with all cost of suit. While defendant, General Motors Corporation, perfected an appeal from the judgment, and was exonerated from liability, defendant, The Home Indemnity Company, did not appeal. Therefore as to Home Indemnity, the judgment became final. Plaintiffs filed the present suit on January 19, 1968.

In the present suit, plaintiffs seek a recovery of the principal amount of the defendant's policy of $5,000.00 plus interest at the rate of six per cent (6%) per annum on the $225,000.00 judgment from April 10, 1964, alleging that defendant had failed to comply with the terms of its policy in that it failed to deposit the accrued interest and court costs along with the $5,000.00, and hence the deposit of only the sum of $5,000.00 was a nullity. They base their claim upon the supplementary payment's clause of the defendant's policy, which provides:

"Supplementary Payments

"To pay, in addition to the applicable limits of liability:

"(a) All expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;  *  *  *."

Defendant answered with a general denial and alleged that the Company had complied with the above-quoted clause of its policy, and discharged its liability under policy by paying the $5,000.00 into the registry of the court before the entry of the amended judgment on April 15, 1964. Alternatively, the company alleged that by depositing the principal amount of its policy into the registry of the court on April 14, 1964, it terminated its liability for interest on April 14, 1964, and therefore plaintiffs' recovery should be limited to interest from April 10, 1964, to April 14, 1964, the date of the deposit.

The trial court, sitting without a jury, awarded plaintiffs a judgment for $5,000.00 upon the principal amount of the policy, together with interest on the judgment of $225,000.00 at the rate of six per cent (6%) per annum from April 10, 1964, through April 14, 1964, amounting to the sum of $150.12; and interest on such combined sums at the rate of six per cent (6%) per annum from April 14, 1964, to the date of judgment herein, amounting to $1,510.58, or a total of $6,660.80.

Both parties duly perfected an appeal from the judgment. Consequently both appeals will be consolidated and disposed of by this opinion.

The judgment in the court below recites, in part as follows:

"The Court further finds and is of the opinion that all the facts and all the law are with the plaintiffs, EXCEPT: That on April 14, 1964, defendant caused to be delivered to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, a Cashier's Check dated April 13, 1964, drawn on the Mercantile National Bank of Dallas, Texas, for Five Thousand Dollars ($5,000.00) (the said principal amount of said insurance policy but not including any of the interest then accrued or costs adjudged); and that such delivery of said check stopped the further accrual of interest after April 14, 1964, notwithstanding that defendant has not paid or tendered or deposited in court the accrued interest and adjudged cost, and such check was accompanied by written instructions (with copy to one of plaintiffs' attorneys) directing that such

instructions be filed with the papers in said Cause No. 906, and reading, to-wit:

'This check represents the full amount which The Home Indemnity Company is obligated to pay in the above case (said Cause No. 906) as the liability insurance carrier for the defendants, C. L. Lane and wife, Alice Hudnall Lane, and Mrs. Nellie Hudnall, and is made in its own right to protect itself against further liability for interest on the entire judgment which was rendered by the Court on April 10, 1964, and such deposit is not simply a partial payment of said judgment.' "

By notice duly filed among the papers of the case, plaintiffs have limited the scope of their appeal to that portion of the judgment denying them a recovery of interest on the sum of $225,000.00 from and after April 14, 1964. In other words, by this appeal plaintiffs would have us affirm the judgment awarding them $5,000.00 on the principal amount of the policy and reverse and reform the judgment so as to award them six per cent (6%) interest on the $225,000.00 judgment from April 14, 1964, until defendant discharges its liability. In the alternative, they would have us affirm the judgment of the trial court.

In other cases involving similar Supplementary Payment Clauses our Supreme Court has held that such a provision obligates the insurer to pay interest on the entire judgment until it has paid, tendered, or deposited in Court the amount of its liability. Plasky v. Gulf Insurance Company, 160 Tex. 612, 335 S.W.2d 581; A. T. Baucum v. Great American Insurance Company of New York, Tex., 370 S. W.2d 863. Stated in another way these decisions hold that the accrual of interest does not terminate upon a tender of the principal amount of the policy exclusive of interest and costs.

The company takes the position, however, that it complied with the supplementary payment's clause by paying the principal amount of the policy into the registry of the court on April 14, 1964, prior to the date of the final amended judgment on April 15, 1964. Therefore it says that since no interest had accrued and no costs had been taxed against their assured nothing more was due and owing the plaintiffs. Hence they argue that the trial court erred in refusing to enter a take-nothing judgment against the plaintiffs.

Plaintiffs, on the other hand, take the position that since both the original and amended judgment recited that interest thereon commenced on April 10, 1964, four days interest had accrued at the time the $5,000.00 was deposited into the registry of the court and that since defendant failed to pay the accrued interest and cost into the registry of the court, the tender of the $5,000.00 did not operate to terminate the insurer's continuing obligation for interest on the entire $225,000.00 judgment and as a result the trial court erred in refusing to grant them a judgment for interest on the entire judgment in the amount of $225,000.00 from April 10, 1964, until defendant discharged its liability by the payment of $5,000.00, together with all accrued interest and cost.

■ Thus the first issue presented is whether the judgment entered on April 10, 1964, was vacated, set aside and superseded by the amended judgment on April 15th, 1964. If it was, the defendant's contention must be sustained. If it was not, defendant became liable for interest on the $225,000.00 judgment commencing on April 10, 1964, which obligation will continue until it discharges its obligation under the policy. In determining whether the prior judgment was vacated and annulled, the determining factor is the change made. If the change is judicial in character, that is, if the correction is of what is deemed to be a judicial error, the prior judgment is at least in part set aside and superseded and there is a new and substituted judgment. If the change has the effect of adding something which was omitted by

inadvertence so as to portray the judgment actually rendered in the first place, then there is no new judgment but merely a correction of the old one to make it truly reflect what was actually done. Rowe v. Liles, 226 S.W.2d 253 (Tex.Civ.App., Waco, 1950) ; Luck v. Riggs Optical Co., 149 S.W.2d 204 (Tex.Civ.App., Fort Worth, 1941) ; 49 C.J.S. Judgments § 240, p. 455.

■ The original judgment awarded $225,000.00 in damages against all defendants collectively. The only change in the amended judgment was to award the full amount of damages against all defendants "jointly and severally". The record reflects that the change was in conformity with plaintiffs' pleadings. There is nothing in the record showing that the change was a judicial error as distinguished from a mere clerical error in which the judgment did not conform to that originally awarded by the court. Where there is nothing in the record to assist in the determination of this question it must be presumed in support of the original judgment that the trial court found only a clerical error occurred and his conclusion, in the absence of a clear showing to the contrary is final. 49 C.J.S. Judgments § 238, p. 454. The burden of showing a judgment invalid rests upon the person attacking it. 34 T.J.2d, Sec. 330, p. 316. Since we may not assume that the facts which occasioned the change were such as to render the original judgment invalid, we conclude that the amendment was not effective to render the original invalid and void. As a consequence, interest on the entire judgment commenced to accrue on April 10, 1964.

■ Since defendant was liable for four days interest on the judgment at the time it deposited the sum of $5,000.00 into the registry of the court, it should have been clear to the defendant that it had not discharged its full liability under the terms of its Supplemental Payment's clause. While it is true that interest is a separate and distinct obligation, the policy clearly provides that the only way the company may protect itself from further liability is by satisfying the terms of the judgment. Obviously the judgment would not be fully satisfied unless the deposit in court included the accrued interest. We therefore hold that the deposit of $5,000.00 did not operate to terminate the insurer's continuing obligation for interest on the entire $225,000.00. That obligation continues until satisfied. River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 17 Ill.2d 242, 161 N.E.2d 101, 76 A.L.R.2d 978; Baucum v. Great American Insurance Company of New York, supra. Defendant argues however that since the amount of accrued interest in this case is small as compared to that in River Valley Cartage Co. v. Hawkeye-Security Ins. Co., supra, the rule announced there should not be applied in this case. As we see it, the rule does nothing more than enforce the contractual obligation which the insurance company agreed to by its contract. Consequently we fail to see how the amount of accrued interest, whether large or small, would be material. In either case the payment would still be deficient and would not meet the requirement of the insurer's contractual obligation.

By other points of error, defendant contends that the trial court erred in refusing to enter a take-nothing judgment against plaintiffs based upon its defensive plea (1) that its numerous offers of settlement constituted a tender, and (2) upon its defensive plea asserting that plaintiffs waived their right to recover interest by refusing to execute a partial release in the amount of $5,000.00 covering the payment made by the defendants into the registry of the court.

■ While neither party requested findings of fact and conclusions of law, the judgment contains numerous findings of fact and conclusions of law showing the basis of the judgment. Nowhere, however, do we find any findings with reference to either of the foregoing defensive

pleas urged by defendant. Nor do we find anything in the record showing that defendant requested any supplemental findings on either of such defensive pleas. In this situation we think the failure of defendant to request additional findings of fact effects a waiver of the grounds of such defenses, especially where no element of either defense has been found. Pinson v. Dreymala, 320 S.W.2d 152 (Tex. Civ.App., Houston, 1958, writ refused n. r. e.); McKenzie v. Carte, 385 S.W.2d 520 (Tex.Civ.App., Corpus Christi, 1964, writ refused n. r. e.); McDonald Tex.Civ. Practice, Vol. 4, Sec. 1609. While we are cognizant of the fact that the trial court did find that the $5,000.00 check deposited into the registry of the court had the effect of stopping the accrual of interest on the $225,000.00 judgment, we do not believe that express finding can be extended by implication to cover other independent issuable facts such as tender and waiver. Duncan v. Willis, 157 Tex. 316, 302 S.W. 2d 627.

Finally Defendant argues in the alternative that if it is liable for any interest on the judgment same should be limited to that accruing between April 10, 1964, and April 14, 1964, when the sum of $5,000.00 was deposited into the registry of the court. In this connection defendant says that when the $5,000.00 was deposited into the registry of the court, title to the funds immediately passed to the plaintiffs under the holding in Republic Insurance Company v. Highland Park Independent School District, 123 S.W.2d 784 (Tex.Civ.App., Dallas, 1938, dismissed). Therefore defendant says that since title to the $5,000.00 passed to plaintiffs and since the principal and interest were separable, plaintiffs' cause of action should be limited to the recovery of the interest accruing between the date of the judgment of April 10, 1964 and the date of deposit on April 14, 1964. We do not agree. While plaintiffs could have possibly elected to draw down the funds, the record shows that they refused to do so and elected to stand on the con-

tract. To follow defendant's argument in this respect would be to overlook the breach of contract and to hold as the trial court did, that the accrual of interest terminated upon the tender in court of the principal amount of the policy exclusive of interest and costs. This, of course, would be contrary to our conclusions hereinbefore reached.

The judgment of the trial court awarding plaintiffs a judgment in the amount of $5,000.00 for the principal amount of liability on the policy is hereby affirmed. In all other respects the judgment is reversed and judgment is hereby rendered in favor of the plaintiffs against defendant for interest on the $225,000.00 judgment from April 10, 1964, until the date of payment and for all costs of court in their behalf expended in both proceedings.

Affirmed in part and reversed and rendered in part.