**Rowena Jenkins DANIELS, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 06–03–00054–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 28, 2004.

Decided Aug. 6, 2004.

---

Rowena Jenkins Daniels, Carrollton, pro se.

Brady T. Wyatt, Dallas, for appellant.

Linda A. Acevedo, Asst. Disciplinary Counsel, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

The Commission for Lawyer Discipline brought this disciplinary action against Rowena Jenkins Daniels, alleging multiple violations of the Texas Disciplinary Rules of Professional Conduct. Following a jury trial, the court disbarred Daniels from the practice of law. Daniels contends the trial court erred in (1) waiving the complainant's presence at trial, and (2) excluding evidence of a nunc pro tunc judgment.

## I. BACKGROUND

On March 2, 2001, Daniels was suspended from the practice of law for three years by the 134th Judicial District Court of Dallas County for violating Rule 1.01(b)(1) of the Texas Rules of Professional Conduct.[1] *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(b)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998). The judgment provided that the first thirty days were active suspension from the practice of law and the remaining thirty-five months were probated. The judgment specifically set forth that the "period of active suspension shall begin on March 5, 2001, and shall continue through April 4, 2001."

On April 3, 2001, Daniels filed a number of legal documents with the 95th Judicial District Court of Dallas County in furtherance of her representation of Renae Johnson in *Johnson v. Allstate Insurance Company*, Cause No. DV99–03085.[2] On April 4, 2001, Daniels represented Johnson at trial in her cause of action against Allstate Insurance Company.

The Commission then sought to revoke Daniels' probation based on alleged violations of the March 2, 2001, judgment. On September 20, 2001, the 134th Judicial District Court of Dallas County granted the motion to revoke and ordered that Daniels be actively suspended from the practice of law for three years for violating the terms and conditions of the March 2, 2001, judgment. The court set the term of active suspension to begin October 20, 2001, and end October 19, 2004. The court found that Daniels had, among other things, engaged in the practice of law during a time when her right to practice had been suspended.

Daniels did not appeal either the March 2, 2001, judgment or the September 20, 2001, revocation of her probation. Instead, she persisted by various means to obtain a nunc pro tunc judgment from the trial court. On September 13, 2002, the 134th Judicial District Court granted the motion for a nunc pro tunc judgment, and on November 15, 2002, reduced the "judgment nunc pro tunc vacating prior judgment and correcting clerical errors" to writing. This nunc pro tunc judgment was made necessary by language in the original March 2, 2001, judgment stating that Daniels was suspended for thirty days, but then indicating that the active suspension was to begin March 5, 2001, and continue through April 4, 2001, a period of thirty-one days. The judgment nunc pro tunc purported to correct the original judgment to reflect a thirty-one-day period of active suspension. It did not change the lan-

---

1. Rule 1.01(b)(1) provides that "[i]n representing a client, a lawyer shall not: (1) neglect a legal matter entrusted to the lawyer." "Neglect" signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998).

2. These included a request for the issuance of a subpoena, a list of exhibits, a motion in limine, and a list of witnesses.

guage providing that the "period of active suspension shall begin on March 5, 2001, and shall continue through April 4, 2001."

■ Daniels appealed from the nunc pro tunc judgment to the Dallas Court of Appeals, contending the nunc pro tunc judgment vacated the trial court's March 2, 2001, judgment and rendered that original judgment, and any orders based on it, namely, the revocation order of September 20, 2001, nonexistent. *See Daniels v. Comm'n for Lawyer Discipline,* 05–02–01636–CV, 2003 WL 1878840, 2003 Tex. App. LEXIS 3258 (Tex.App.-Dallas Apr. 16, 2003, pet. denied). The Dallas Court of Appeals found this contention without merit. *Id.* 2003 WL 1878840 at *1, *3. First, the court held that, although the judgment referred to "thirty days," the judgment clearly specified the period of active suspension would begin March 5, 2001, and continue through April 4, 2001. *Id.* 2003 WL 1878840 at *1–2, *4. The court held the change was clerical and within the court's power to render outside its plenary power. *Id.* As a result, the court held that the November 15, 2002, judgment nunc pro tunc effectively corrected the "thirty days" clerical error, but to the extent it purported to vacate any prior order or judgment, it was of no effect, noting the trial court lacked the power to vacate its former judgment. *Id.* 2003 WL 1878840 at *2, *5. The Dallas Court of Appeals dismissed Daniels' appeal, finding it lacked jurisdiction because she did not timely appeal from the court's original March 2, 2001, judgment or the September 20, 2001, judgment.[3] *Id.*

On June 18, 2002, the Commission filed a disciplinary petition against Daniels in Hopkins County, her primary place of practice. *See* TEX.R. DISCIPLINARY P. 3.03. The Commission's first complaint against Daniels alleged she had represented Johnson while actively suspended by the 134th Judicial District Court's March 2, 2001, judgment. This allegation was brought to the attention of the State Bar of Texas by Hollie Eisenhauer, whose firm had defended Allstate Insurance Company in Johnson's suit against Allstate. The Commission's second complaint alleged that, in 2002, Daniels had represented Jennifer Kay Allen while Daniels was on active suspension. The Commission also alleged Daniels had failed to diligently pursue Allen's matter, failed to keep her reasonably informed, and represented her under a trade name. Allen brought this second complaint to the attention of the State Bar of Texas. The jury found that Daniels had violated the March 2, 2001, judgment, that she had engaged in the practice of law when her right to practice law had been suspended, and that she had operated a law practice under a trade name. The trial court disbarred Daniels for those violations of the Texas Rules of Professional Conduct.[4] Daniels does not challenge the

---

3. The Dallas Court of Appeals was without jurisdiction because, pursuant to TEX.R. CIV. P. 306a(6) and 329b(h), and TEX.R.APP. P. 4.3, a judgment nunc pro tunc entered after expiration of plenary power operates to restart the appellate timetable, but only with respect to any complaint that would not be applicable to the original judgment. Further, if the trial court corrects a clerical error after the court's plenary power has expired, no complaint can be made on appeal that could have been presented in an appeal from the original judgment. TEX.R. CIV. P. 329b(h).

4. These constituted violations of Rules 7.01(a) (lawyer in private practice shall not practice under trade name), 8.04(a)(7) (lawyer shall not violate any disciplinary or disability order or judgment), and 8.04(a)(11) (lawyer shall not engage in practice of law when lawyer's right to practice has been suspended), of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 7.01(a), 8.04(a)(7), 8.04(a)(11).

sufficiency of the evidence supporting the jury's verdict.

## II. *PRESENCE OF COMPLAINANT*

■ Daniels contends the State Bar Act requires the presence of the complainant at an attorney disciplinary trial. She contends the absence of the complainant deprived her of the opportunity to cross-examine the person who made the allegations against her. Allen testified at the disciplinary trial, but Eisenhauer, the complainant on the Commission's first charge against Daniels, was not present and did not testify. The Commission attempted to introduce Eisenhauer's deposition, but it was excluded because it was taken within thirty days of trial, which was outside the discovery period. Daniels contends that any allegations Eisenhauer brought to the attention of the State Bar should have been dismissed because of her absence.

■ It is Daniels' position that the State Bar Act requires the presence of the complainant at trial or at any other hearing where testimony is taken. The State Bar Act was passed in aid of the Texas Supreme Court's exercise of its inherent power to regulate and control the practice of law. *See* TEX. GOV'T CODE ANN. §§ 81.001–.123 (Vernon 1998 & Supp. 2004); *State Bar of Tex. v. Heard,* 603 S.W.2d 829, 831 (Tex.1980); *Daves v. State Bar of Tex.,* 691 S.W.2d 784, 788–89 (Tex. App.-Amarillo 1985, writ ref'd n.r.e.). Specifically, Daniels cites Section 81.072 of the State Bar Act, which provides:

(a) In furtherance of the supreme court's powers to supervise the conduct of attorneys, the court shall establish disciplinary and disability procedures.

(b) The supreme court shall establish minimum standards and procedures for the attorney disciplinary and disability system. The standards and procedures for processing complaints against attorneys must provide for:

. . . . .

(10) authorizing all parties to an attorney disciplinary hearing, including the complainant, to be present at all hearings at which testimony is taken and requiring notice of those hearings to be given to the complainant not later than the seventh day before the date of the hearing.[5]

Act of May 23, 1991, 72nd Leg., R.S., ch. 795, § 20, 1991 Tex. Gen. Laws 2794, 2800.

Contrary to Daniels' contention, the plain meaning of Section 81.072 *authorizes* the complainant's presence at trial; it does not require it. The statute *requires* notice to the complainant, but merely *authorizes* the complainant's presence.

■ In addition, the Texas Rules of Disciplinary Procedure established by the Texas Supreme Court do not require the presence of the complainant at any of the hearings or trials provided for under those rules. With regard to the investigation and determination of just cause, Rule 2.11 provides that the "Complainant shall ... be invited to appear before the investigatory panel but the inability or failure to so appear does not abate or preclude further proceedings." *See* TEX.R. DISCIPLINARY P. 2.11. Rule 2.16 provides for the procedures used in an evidentiary hearing

---

5. Section 81.072 was amended in 2003. The Act provides that "Section 81.072, Government Code, as amended by this Act, ... appl[ies] to a grievance filed on or after January 1, 2004, .... A grievance filed before January 1, 2004, is governed by the law in effect immediately before the effective date of this Act, and the former law is continued in effect for that purpose." Act of May 30, 2003, 78th Leg., R.S., ch. 227, § 25(d), 2003 Tex. Gen. Laws 1043, 1053. This grievance was filed June 18, 2002; therefore, the former Section 81.072 applies to this case.

where the investigatory panel of the Committee finds just cause, and the respondent fails to elect to have the complaint tried in district court. *See* TEX.R. DISCIPLINARY P. 2.16. Rule 2.16(F) provides that the "Respondent, the Complainant, and the Chief Disciplinary Counsel may, if they so choose, confront witnesses, including the Complainant.... The inability or failure to exercise this opportunity does not abate or preclude further proceedings." TEX.R. DISCIPLINARY P. 2.16(F).

■ In this case, Daniels filed an election for a trial de novo in the district court instead of having her case heard by an evidentiary panel of the Committee. Part III of the Rules of Disciplinary Procedure provide for the procedures in a trial de novo in district court. Rule 3.08 specifically provides that the "unwillingness or neglect of a Complainant to ... assist in the prosecution of a Disciplinary Action, ... does not alone justify the abatement or dismissal of the action." TEX.R. DISCIPLINARY P. 3.08(F). Under the Rules of Disciplinary Procedure, a complainant's failure to assist the prosecution or testify at the disciplinary trial does not justify the dismissal of the action. *See Wade v. Comm'n for Lawyer Discipline,* 961 S.W.2d 366, 372 (Tex.App.-Houston [1st Dist.] 1997, no writ). Therefore, Eisenhauer's presence, as the complainant, was not required at the trial under either the State Bar Act or the Rules of Disciplinary Procedure established by the Texas Supreme Court.

■ Essentially, Daniels misconstrues the complainant's role in an attorney disciplinary proceeding. The complainant is the person, firm, or other entity initiating a complaint or inquiry. *See* TEX.R. DISCIPLINARY P. 1.06(E). The complainant is not a party to the disciplinary proceedings, but is only a potential witness. *See Richards v. Comm'n for Lawyer Discipline,* 35 S.W.3d 243, 247 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The Commission is the party petitioner and, in lawyer disciplinary proceedings, exercises all rights characteristically reposed in a client. TEX.R. DISCIPLINARY P. 4.06(A); *see Wade,* 961 S.W.2d at 372. Eisenhauer's presence was not required under the State Bar Act, the Texas Rules of Disciplinary Procedure, or to establish the elements of her complaint. The exhibits admitted into evidence were sufficient to show that Daniels had acted as Johnson's attorney against Allstate April 3–4, 2001. If Daniels had wished to examine Eisenhauer for any purpose, she should have compelled her attendance through subpoena. *See* TEX.R. DISCIPLINARY P. 15.01 (respondent may compel attendance of witnesses by subpoena); TEX.R. DISCIPLINARY P. 15.02 (if witness fails or refuses to appear or testify he or she shall be punished for civil contempt).

Daniels' first point of error is overruled.

## III. *NUNC PRO TUNC JUDGMENT*

■ Daniels also contends the trial court erred in excluding from evidence the November 15, 2002, nunc pro tunc judgment. The trial court admitted the March 2, 2001, judgment suspending Daniels from the practice of law, as well as the docket sheet from that case. The docket sheet noted that a nunc pro tunc judgment had been entered, and Daniels attempted to introduce that nunc pro tunc judgment into evidence. The trial court reviewed the order signed September 13, 2002, granting the judgment nunc pro tunc, as well as the subsequent "judgment nunc pro tunc vacating prior judgment and correcting clerical errors" signed November 15, 2002. The court concluded that the purpose of the judgment nunc pro tunc was to make a clerical correction to reflect that the number of days of active suspension was actually thirty-one days instead of thirty. It therefore concluded that the

judgment nunc pro tunc had no relevance to the proceedings and denied its admission.

Daniels contends the nunc pro tunc judgment was the final judgment in that case, and as such, was the judgment that should have been considered by the jury. She also contends that, when the trial court took judicial notice of the docket sheet from that case, but refused to allow admission of the nunc pro tunc judgment, the court violated the rule of optional completeness. In addition, Daniels contends that the nunc pro tunc judgment went into effect on the date it was signed and that she could not have violated the March 2, 2001, judgment because it no longer existed.

■ The admission or exclusion of evidence is a matter within the sound discretion of the trial court. Thus, we review this issue under an abuse of discretion standard. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

■ We first address Daniels' contention that the March 2, 2001, judgment ceased to exist. She cites *Bridges v. Wilder*, 80 S.W.2d 1081, 1081–82 (Tex.Civ. App.-Beaumont 1935, no writ), for the proposition that, on the entry of a nunc pro tunc judgment, the original judgment ceases to perform any office whatever and is superseded in every respect by the nunc pro tunc judgment. Although not explicitly stated, we assume she contends the November 15, 2002, nunc pro tunc judgment was relevant and admissible because it superseded and replaced the March 2, 2001, judgment and rendered that judgment nonexistent. According to this argument, the entry of the nunc pro tunc judg-

ment made it impossible for her to have violated a judgment that no longer existed. Daniels misconstrues the law in this regard.

■ A nunc pro tunc judgment allows the trial court to correct clerical errors in the judgment after the court's plenary power has expired. *W. Tex. State Bank v. Gen. Res. Mgmt. Corp.*, 723 S.W.2d 304, 306 (Tex.App.-Austin 1987, writ ref'd n.r.e.). If the court attempts to correct a judicial mistake by signing a judgment nunc pro tunc after the expiration of its plenary power, that judgment is void. *See Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973).

> [A]fter a judgment has become final, the trial court may only correct clerical errors by nunc pro tunc judgment and may not correct judicial errors. The salient distinction between "clerical" and "judicial" errors lies in the exercise of the judgmental offices of the court. A clerical error is one which does not result from judicial reasoning or determination.

*Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986). A judicial error occurs in the rendering, as opposed to the entering, of a judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986).

■ A judgment nunc pro tunc, however, does not disturb the initial judgment determined by the trial court; it merely brings the court records into conformity with it. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402 (Tex.1971); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Perry v. Nueces County*, 549 S.W.2d 239, 242 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.). The determining factor in deciding whether the effect of an amended judgment is to vacate or merely amend the prior judgment is the change made. *Home Indem. Co. v. Mun-*

*cy,* 449 S.W.2d 312, 315 (Tex.Civ.App.-Tyler 1969, writ ref'd n.r.e.). If the change is judicial in character, that is, if the trial court acts to correct what is deemed to be a judicial error, the prior judgment is at least in part set aside and superseded, and the new and later judgment is substituted. *Id.* If, on the other hand, the amendment merely corrects a clerical error so as to accurately portray the judgment rendered in the first instance, then there is no new judgment, but merely a correction of the old one to make it truly reflect what was actually done. *Id.* at 315–16. To correct such clerical errors, a court may render a judgment nunc pro tunc. *Escobar,* 711 S.W.2d at 231. A nunc pro tunc judgment, although signed later, relates back to the date of the original judgment and is effective as of the earlier date. *See Muncy,* 449 S.W.2d at 315–16; *Gen. Elec. Co. v. Canyon City Ice & Light Co.,* 136 S.W. 78, 79 (Tex.Civ.App.1911, no writ).

The Dallas Court of Appeals found that the 134th Judicial District Court had corrected a clerical error. *See Daniels,* 2003 WL 1878840 at *1–2, 2003 Tex.App. LEXIS 3258, at *4; *see also Escobar,* 711 S.W.2d at 231 (finding correction of numerical error was clerical correction). It was not a judicial correction done within the court's plenary power, and as such, the nunc pro tunc judgment related back to the date of the original judgment and was effective as of the earlier, March 2, 2001, date. Therefore, the 134th Judicial District Court's judgment that Daniels was actively suspended beginning March 5, 2001 through April 4, 2001, was effective and was not rendered nonexistent by the subsequent nunc pro tunc judgment. This, however, did not make the nunc pro tunc judgment irrelevant evidence at trial.

Daniels contends it was error to exclude the nunc pro tunc judgment at trial because it was the final judgment in the case.

We agree. The trial court excluded the nunc pro tunc judgment as an irrelevant clerical correction. It was, however, the true and correct final judgment of the court in suspending Daniels' law license. It was, therefore, relevant and admissible.

■ The Commission argues that admission of the nunc pro tunc judgment would have confused the jury and permitted Daniels to argue that the nunc pro tunc judgment eliminated the original judgment. We believe, however, that excluding the nunc pro tunc judgment created the greater likelihood of confusing the jury. The original judgment admitted into evidence contained the conflict in the number of days of Daniels' suspension, which the nunc pro tunc judgment corrected. Admission of the original judgment, with the docket sheet reflecting that a nunc pro tunc judgment had been entered, but without the jury being able to see that nunc pro tunc judgment, presented an incomplete picture and was more calculated to cause confusion than if the nunc pro tunc judgment had been admitted. The nunc pro tunc judgment explained and corrected the conflict in the original judgment.

Had the nunc pro tunc judgment been admitted, any attempt by Daniels to then incorrectly argue the effect of the nunc pro tunc judgment could have been prevented by a proper objection or by an additional instruction from the court. We hold that the trial court abused its discretion in excluding the nunc pro tunc judgment. This holding, however, does not end our analysis.

■ A party complaining of error in the admission or exclusion of evidence need not show that but for the error a different judgment would necessarily result, but must show that the error probably resulted in an improper judgment. *Alvarado,* 897 S.W.2d at 753; *see also* Tex. R.App. P. 44.1(a). When we find error, we

review the entire record to determine if the error was harmful. *Alvarado,* 897 S.W.2d at 754. A successful challenge to a trial court's evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *See Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608, 617 (Tex.2000); *Alvarado,* 897 S.W.2d at 753–54.

 A review of the entire record reveals that the error in excluding the nunc pro tunc judgment was harmless. Daniels contended to the jury that she relied on the "thirty days" language in the judgment and believed that she was permitted to practice law on April 4, 2001, which was thirty-one days after March 5, 2001. She contends that, when the court excluded the nunc pro tunc judgment, she was then prevented from arguing to the jury that the judge was also mistaken about the period of active suspension. The evidence at trial showed, however, that Daniels practiced law on April 3, 2001, the thirtieth day of her suspension, which was prohibited by any reading of either judgment. *See* Tex. Gov't Code Ann. § 81.101 (Vernon Supp.2004). The sufficiency of that evidence is not challenged. Daniels therefore did not show that the exclusion of the nunc pro tunc judgment probably resulted in an improper judgment. *See* Tex.R.App. P. 44.1. We therefore overrule Daniels' second point of error.

## IV. *CONCLUSION*

We affirm the judgment.