Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB







Opinion Issued October 13, 2005



     










In The
Court of Appeals
For The
First District of Texas








NO. 01-04-00570-CV









FARREL JOSEPH LECOMPTE, JR., Appellant

V.

PROVIDIAN NATIONAL BANK, Appellee









On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 798,516










MEMORANDUM OPINION

Appellee Providian National Bank (“Providian”) filed a sworn account suit
against appellant Farrel LeCompte, Jr. to collect credit card debt, attorney’s fees,
and prejudgment interest. The trial court granted Providian’s motion for summary
judgment, disposing of all claims. The trial court later entered a “judgment nunc
pro tunc,” which added the date from which the prejudgment interest began to
accrue. LeCompte thereafter filed a notice of appeal. Providian moves to dismiss
the appeal for lack of jurisdiction. We hold that (1) the trial court’s second
judgment was not a judgment nunc pro tunc and the trial court lacked jurisdiction
to enter it; and (2) LeCompte filed his notice of appeal too late. We therefore
dismiss the appeal for lack of jurisdiction. 
The Procedural Background

  The trial court granted a summary judgment in favor of Providian on
December 5, 2003. On January 5, 2004, LeCompte filed a pleading styled “Writ
for Vacation of Judgment,” contending that the trial court lacked subject matter
jurisdiction.


 In its response, Providian construed LeCompte’s motion as a motion
for new trial. In March 2004, Providian moved to enter judgment nunc pro tunc
because the December 2003 judgment failed to state the date from which
prejudgment interest should begin to accrue. In April 2004, LeCompte filed a
“Writ of Error Coram Nobis” and requested that the trial court enter findings of
fact and conclusions of law. The trial court did not rule on LeCompte’s motion. 
On May 3, 2004 the trial court signed the judgment nunc pro tunc. LeCompte filed
his notice of appeal on May 10, 2004.
Discussion
Providian moves to dismiss LeCompte’s appeal for lack of jurisdiction. 
Providian contends that the December judgment is the final judgment, and
therefore LeCompte’s notice of appeal is untimely. Moreover, it asserts that the
May judgment nunc pro tunc corrects a clerical error and, as such, fails to extend
LeCompte’s time period to file an appeal. LeCompte responds that his appeal is
timely because: (1) he moved for a new trial under Texas Rule of Appellate
Procedure 26.1; (2) he did not participate in the summary judgment hearing, and
therefore he timely filed a restrictive appeal pursuant to Texas Rule of Appellate
Procedure 30; (3) the judgment nunc pro tunc is appealable because it provides that
“[t]his judgment finally disposes of all parties and claims and is appealable”; and
(4) the trial court refused to enter findings of fact and conclusions of law. 
The Timeliness of the Notice of Appeal
The time for filing a notice of appeal is jurisdictional in nature, and absent a
timely filed notice of appeal or extension request, we must dismiss an appeal for
lack of jurisdiction. See Tex. R. App. P. 2, 25.1(b), 26.3; see also Verburgt v.
Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (discussing timing requirements for
filing a notice of appeal). Generally, a party must file a notice of appeal within
thirty days after the trial court signs the judgment. Tex. R. App. P. 26.1. Certain
post-judgment motions, however, may extend the appellate timetable. For
example, if a party moves for a new trial, to modify or reinstate the judgment, or
requests findings of fact and conclusions of law following a bench trial, the time to
file an appeal extends to ninety days after the trial court signs the judgment. Tex.
R. App. P. 26.1(a)(1)–(4). If the trial court modifies its judgment or order in any
way during this period, then the appellate timetable restarts as of the date the trial
court signs the amended judgment. Mackie v. McKenzie, 890 S.W.2d 807, 808
(Tex. 1994). 
Here, the trial court signed the original judgment on December 5, 2003. 
LeCompte moved for a new trial on January 5, 2004, thus extending the trial
court’s plenary power. Tex. R. Civ. P. 329b(a), (d).


 No order appears in the
record denying LeCompte’s motion for new trial. The motion for new trial thus
was overruled by operation of law on February 18, 2004, seventy-five days after
the trial court signed the judgment. Tex. R. Civ. P. 329b(c). Rule 329b(e)
provides that the trial court’s plenary power extends for thirty more days, or 105
days after the trial court signed its judgment—here, March 19, 2004. Tex. R. Civ.
P. 329b(e). The trial court signed the second judgment in May 2004, after its
plenary power had expired.
Judgment Nunc Pro Tunc
Providian contends the May judgment is a judgment nunc pro tunc. A trial
court may correct clerical errors in a judgment through a judgment nunc pro tunc. 
Tex. R. Civ. P. 316, 329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex.
1986). The trial court retains power to correct a clerical error made in entering the
final judgment using a judgment nunc pro tunc even after the expiration of its
plenary power. Id. (citing Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56 (Tex.
1970)). A nunc pro tunc judgment relates back to the date of the original judgment
and is effective as of the earlier date. Horlock v. Horlock, 593 S.W.2d 743, 745
(Tex. App.—Houston [1st Dist.] 1979, writ ref’d n.r.e.); Home Indem. Co. v.
Muncy, 449 S.W.2d 312, 315–16 (Tex. App.—Tyler 1969, writ ref’d n.r.e.).
A clerical error is a discrepancy between the entry of a judgment in the
record and the judgment the trial court actually rendered. See Andrews v. Koch,
702 S.W.2d 584, 585 (Tex. 1986); Butler v. Continental Airlines, Inc., 31 S.W.3d
642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Clerical errors do
not result from judicial reasoning, evidence, or determination. Andrews, 702
S.W.2d at 585. In contrast, a judicial error arises from a mistake of law or fact that
requires judicial reasoning to correct. Butler, 31 S.W.3d at 647. Further, a judicial
error occurs in the rendering, rather than the entering, of a judgment. Escobar, 711
S.W.2d at 231. A trial court can correct the entry of a final written judgment if it 
incorrectly states the judgment actually rendered due to a clerical error. Id. at
231–32. If the trial court corrects a judicial error after its plenary power has
expired, however, then the judgment is void. Dikeman v. Snell, 490 S.W.2d 183,
186 (Tex. 1973). 
In deciding whether an error in a judgment is clerical or judicial, the court
must look to the judgment actually rendered and not the judgment that should have
been rendered. Escobar, 711 S.W.2d at 231. We determine whether an error is
judicial or clerical as a matter of law. Id. at 232. The rendition of a judgment
occurs when the trial court’s decision is officially announced either by a signed
memorandum filed with the clerk of the court or orally in open court. In re
Fuselier, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding). 
Here, the trial court’s original judgment omits the date on which
prejudgment interest shall begin to accrue. In Comet Aluminum Co. v. Dibrell, the
Texas Supreme Court held that a written provision in a judgment awarding a
recovery of pre-judgment interest is a rendition of judgment, and, if made in error,
constitutes a judicial, as opposed to a clerical, error. 450 S.W.2d at 59. Further,
Providian offers no proof that the trial court rendered a judgment regarding the
accrual date for prejudgment interest but incorrectly recorded it. As such,
Providian may not use a judgment nunc pro tunc to correct the judgment actually
rendered by the trial court. Escobar, 711 S.W.2d at 231–32. We therefore hold
that the judgment nunc pro tunc, entered after the court’s plenary power expired,
corrects a judicial error, and is therefore void. 
Restricted Appeal
LeCompte alternatively contends that he has brought a restricted appeal
under Rule 30, and thus this court retains jurisdiction over his appeal. Tex. R. App.
P. 30. To successfully pursue a restricted appeal, a party must (1) file the restricted
appeal within six months after the trial court signs the judgment; (2) be a party to
the suit; (3) have neither participated in the hearing that resulted in the judgment
nor filed a timely post-judgment motion or a request for findings of fact and
conclusions of law; and (4) the record must disclose the claimed error. Roventini v.
Ocular Science, Inc., 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003,
no pet.). LeCompte fails to meet the required elements because he timely filed a
motion for new trial after the trial court signed its original judgment. We therefore
conclude that LeCompte has not filed a restrictive appeal pursuant to Texas Rule of
Appellate Procedure 30. 
 
The Notice of Appeal
          LeCompte contends that the May 2004 judgment recitals provide that “this
judgment finally disposes of all parties and claims and is appealable,” and thus the
notice of appeal he filed on May 10 is timely. We have held that the trial court’s
May 2004 judgment is void; thus, it did not extend LeCompte’s appellate
timetable. A nunc pro tunc judgment, moreover, relates back to the date of the
original judgment and is effective as of the earlier date. Muncy, 449 S.W.2d at
315–16. Here, even if the May judgment, titled “Judgment Nunc Pro Tunc,” had
been a proper judgment nunc pro tunc, then it would have related back to the
earlier December 5, 2003 judgment. LeCompte filed his notice of appeal in May
2004, well after the deadline to appeal the December judgment. 
LeCompte further contends that he timely filed his notice of appeal because
the trial court did not rule on his request for findings of fact and conclusions of
law. Texas Rule of Appellate Procedure 26.1(a)(4) provides that a party must file
its notice of appeal within ninety days after the trial court signs the judgment if any
party timely files a request for findings of fact and conclusions of law either as
required by the Rules of Civil Procedure or, if not required, as properly considered
by the appellate court. Tex. R. App. P. 26.1(a)(4). A request for findings of fact
and conclusions of law is not proper in connection with a summary judgment;
therefore, the request does not extend the appellate timetable. Linwood v. NCNB
Texas, 885 S.W.2d 102, 103 (Tex. 1994). 
Conclusion
          We hold (1) the judgment nunc pro tunc is void because it corrects a judicial
error and the trial court signed it after its plenary power had expired, and (2)
LeCompte failed to timely file his notice of appeal. We therefore dismiss the
appeal for lack of jurisdiction. 


                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack, and Justices Alcala and Bland.