In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00270-CR
______________________________


ANGELO CLARK, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2004-1593


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter

 MEMORANDUM OPINION

            Angelo Clark attempts to appeal his conviction for speeding. On February 8, 2006, this Court
received the clerk's record in this appeal. On review of that record, we noted it did not contain the
trial court's certification of Clark's right of appeal pursuant to Tex. R. App. P. 25.2(d). Rule 25.2
requires that the record on appeal include the trial court's certification of a defendant's right of appeal
and requires dismissal of an appeal in which no such certification has been filed. See Tex. R. App.
P. 25.2(d).
            The Clerk of this Court sent a letter dated February 8, 2006, alerting all parties to this defect
in the record and seeking a supplemental clerk's record to include the trial court's certification. See
Tex. R. App. P. 25.2(d), 34.5(c)(1). The letter also reminded the parties that Rule 25.2 authorizes
dismissal of the appeal when no certification has been filed. Having received no response, at the end
of March, the clerk's office contacted the county clerk's office to check on the status of the
supplemental record. We learned that no certification had been filed.
            On April 4, 2006, this Court ordered the trial court, within ten days of said order, to enter its
certification of Clark's right of appeal. More than ten days have passed, and we have received
nothing from the trial court or any party to this matter. 
            Pursuant to Rule 25.2(d), we hereby dismiss this appeal. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 25, 2006
Date Decided:             April 26, 2006

Do Not Publish



">Opinion by Justice Ross


O P I N I O N

          The Commission for Lawyer Discipline brought this disciplinary action against
Rowena Jenkins Daniels, alleging multiple violations of the Texas Disciplinary Rules of
Professional Conduct. Following a jury trial, the court disbarred Daniels from the practice
of law. Daniels contends the trial court erred in (1) waiving the complainant's presence at
trial, and (2) excluding evidence of a nunc pro tunc judgment. 
I. BACKGROUND
          On March 2, 2001, Daniels was suspended from the practice of law for three years
by the 134th Judicial District Court of Dallas County for violating Rule 1.01(b)(1) of the
Texas Rules of Professional Conduct.


 See Tex. Disciplinary R. Prof'l Conduct
1.01(b)(1), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998). The
judgment provided that the first thirty days were active suspension from the practice of law
and the remaining thirty-five months were probated. The judgment specifically set forth
that the "period of active suspension shall begin on March 5, 2001, and shall continue
through April 4, 2001." 
 
          On April 3, 2001, Daniels filed a number of legal documents with the 95th Judicial
District Court of Dallas County in furtherance of her representation of Renae Johnson in
Johnson v. Allstate Insurance Company, Cause No. DV99-03085.


 On April 4, 2001,
Daniels represented Johnson at trial in her cause of action against Allstate Insurance
Company. 
          The Commission then sought to revoke Daniels' probation based on alleged
violations of the March 2, 2001, judgment. On September 20, 2001, the 134th Judicial
District Court of Dallas County granted the motion to revoke and ordered that Daniels be
actively suspended from the practice of law for three years for violating the terms and
conditions of the March 2, 2001, judgment. The court set the term of active suspension
to begin October 20, 2001, and end October 19, 2004. The court found that Daniels had,
among other things, engaged in the practice of law during a time when her right to practice
had been suspended. 
          Daniels did not appeal either the March 2, 2001, judgment or the September 20,
2001, revocation of her probation. Instead, she persisted by various means to obtain a
nunc pro tunc judgment from the trial court. On September 13, 2002, the 134th Judicial
District Court granted the motion for a nunc pro tunc judgment, and on November 15,
2002, reduced the "judgment nunc pro tunc vacating prior judgment and correcting clerical
errors" to writing. This nunc pro tunc judgment was made necessary by language in the
original March 2, 2001, judgment stating that Daniels was suspended for thirty days, but
then indicating that the active suspension was to begin March 5, 2001, and continue
through April 4, 2001, a period of thirty-one days. The judgment nunc pro tunc purported
to correct the original judgment to reflect a thirty-one-day period of active suspension. It
did not change the language providing that the "period of active suspension shall begin on
March 5, 2001, and shall continue through April 4, 2001." 
          Daniels appealed from the nunc pro tunc judgment to the Dallas Court of Appeals,
contending the nunc pro tunc judgment vacated the trial court's March 2, 2001, judgment
and rendered that original judgment, and any orders based on it, namely, the revocation
order of September 20, 2001, nonexistent. See Daniels v. Comm'n for Lawyer Discipline,
2003 Tex. App. LEXIS 3258 (Tex. App.—Dallas Apr. 16, 2003, pet. denied). The Dallas
Court of Appeals found this contention without merit. Id. at *3. First, the court held that,
although the judgment referred to "thirty days," the judgment clearly specified the period
of active suspension would begin March 5, 2001, and continue through April 4, 2001. Id.
at *4. The court held the change was clerical and within the court's power to render outside
its plenary power. Id. As a result, the court held that the November 15, 2002, judgment
nunc pro tunc effectively corrected the "thirty days" clerical error, but to the extent it
purported to vacate any prior order or judgment, it was of no effect, noting the trial court
lacked the power to vacate its former judgment. Id. at *5. The Dallas Court of Appeals
dismissed Daniels' appeal, finding it lacked jurisdiction because she did not timely appeal
from the court's original March 2, 2001, judgment or the September 20, 2001, judgment.


 
Id. 
          On June 18, 2002, the Commission filed a disciplinary petition against Daniels in
Hopkins County, her primary place of practice. See Tex. R. Disciplinary P. 3.03. The
Commission's first complaint against Daniels alleged she had represented Johnson while
actively suspended by the 134th Judicial District Court's March 2, 2001, judgment. This
allegation was brought to the attention of the State Bar of Texas by Hollie Eisenhauer,
whose firm had defended Allstate Insurance Company in Johnson's suit against Allstate. 
The Commission's second complaint alleged that, in 2002, Daniels had represented
Jennifer Kay Allen while Daniels was on active suspension. The Commission also alleged
Daniels had failed to diligently pursue Allen's matter, failed to keep her reasonably
informed, and represented her under a trade name. Allen brought this second complaint
to the attention of the State Bar of Texas. The jury found that Daniels had violated the
March 2, 2001, judgment, that she had engaged in the practice of law when her right to
practice law had been suspended, and that she had operated a law practice under a trade
name. The trial court disbarred Daniels for those violations of the Texas Rules of
Professional Conduct.


 Daniels does not challenge the sufficiency of the evidence
supporting the jury's verdict.
II. PRESENCE OF COMPLAINANT
          Daniels contends the State Bar Act requires the presence of the complainant at an
attorney disciplinary trial. She contends the absence of the complainant deprived her of
the opportunity to cross-examine the person who made the allegations against her. Allen
testified at the disciplinary trial, but Eisenhauer, the complainant on the Commission's first
charge against Daniels, was not present and did not testify. The Commission attempted
to introduce Eisenhauer's deposition, but it was excluded because it was taken within thirty
days of trial, which was outside the discovery period. Daniels contends that any allegations
Eisenhauer brought to the attention of the State Bar should have been dismissed because
of her absence. 
          It is Daniels' position that the State Bar Act requires the presence of the complainant
at trial or at any other hearing where testimony is taken. The State Bar Act was passed
in aid of the Texas Supreme Court's exercise of its inherent power to regulate and control
the practice of law. See Tex. Gov't Code Ann. §§ 81.001–.123 (Vernon 1998 & Supp.
2004); State Bar of Tex. v. Heard, 603 S.W.2d 829, 831 (Tex. 1980); Daves v. State Bar
of Tex., 691 S.W.2d 784, 788–89 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.). Specifically,
Daniels cites Section 81.072 of the State Bar Act, which provides:
          (a)      In furtherance of the supreme court's powers to supervise the
conduct of attorneys, the court shall establish disciplinary and disability
procedures.
 
          (b)      The supreme court shall establish minimum standards and
procedures for the attorney disciplinary and disability system. The standards
and procedures for processing complaints against attorneys must provide
for:
 
          . . . .
 
          (10)    authorizing all parties to an attorney disciplinary hearing,
including the complainant, to be present at all hearings at which testimony
is taken and requiring notice of those hearings to be given to the complainant
not later than the seventh day before the date of the hearing.


 

Act of May 23, 1991, 72nd Leg., R.S., ch. 795, § 20, 1991 Tex. Gen. Laws 2794, 2800.

          Contrary to Daniels' contention, the plain meaning of Section 81.072 authorizes the
complainant's presence at trial; it does not require it. The statute requires notice to the
complainant, but merely authorizes the complainant's presence. 
          In addition, the Texas Rules of Disciplinary Procedure established by the Texas
Supreme Court do not require the presence of the complainant at any of the hearings or
trials provided for under those rules. With regard to the investigation and determination
of just cause, Rule 2.11 provides that the "Complainant shall . . . be invited to appear
before the investigatory panel but the inability or failure to so appear does not abate or
preclude further proceedings." See Tex. R. Disciplinary P. 2.11. Rule 2.16 provides for
the procedures used in an evidentiary hearing where the investigatory panel of the
Committee finds just cause, and the respondent fails to elect to have the complaint tried
in district court. See Tex. R. Disciplinary P. 2.16. Rule 2.16(F) provides that the
"Respondent, the Complainant, and the Chief Disciplinary Counsel may, if they so choose,
confront witnesses, including the Complainant. . . . The inability or failure to exercise this
opportunity does not abate or preclude further proceedings." Tex. R. Disciplinary
P. 2.16(F). 
          In this case, Daniels filed an election for a trial de novo in the district court instead
of having her case heard by an evidentiary panel of the Committee. Part III of the Rules
of Disciplinary Procedure provide for the procedures in a trial de novo in district court. Rule
3.08 specifically provides that the "unwillingness or neglect of a Complainant to . . . assist
in the prosecution of a Disciplinary Action, . . . does not alone justify the abatement or
dismissal of the action." Tex. R. Disciplinary P. 3.08(F). Under the Rules of Disciplinary
Procedure, a complainant's failure to assist the prosecution or testify at the disciplinary trial
does not justify the dismissal of the action. See Wade v. Comm'n for Lawyer Discipline,
961 S.W.2d 366, 372 (Tex. App.—Houston [1st Dist.] 1997, no writ). Therefore,
Eisenhauer's presence, as the complainant, was not required at the trial under either the
State Bar Act or the Rules of Disciplinary Procedure established by the Texas Supreme
Court. 
          Essentially, Daniels misconstrues the complainant's role in an attorney disciplinary
proceeding. The complainant is the person, firm, or other entity initiating a complaint or
inquiry. See Tex. R. Disciplinary P. 1.06(E). The complainant is not a party to the
disciplinary proceedings, but is only a potential witness. See Richards v. Comm'n for
Lawyer Discipline, 35 S.W.3d 243, 247 (Tex. App.—Houston [14th Dist.] 2000, no pet.). 
The Commission is the party petitioner and, in lawyer disciplinary proceedings, exercises
all rights characteristically reposed in a client. Tex. R. Disciplinary P. 4.06(A); see Wade,
961 S.W.2d at 372. Eisenhauer's presence was not required under the State Bar Act, the
Texas Rules of Disciplinary Procedure, or to establish the elements of her complaint. The
exhibits admitted into evidence were sufficient to show that Daniels had acted as 
Johnson's attorney against Allstate April 3–4, 2001. If Daniels had wished to examine
Eisenhauer for any purpose, she should have compelled her attendance through
subpoena. See Tex. R. Disciplinary P. 15.01 (respondent may compel attendance of
witnesses by subpoena); Tex. R. Disciplinary P. 15.02 (if witness fails or refuses to appear
or testify he or she shall be punished for civil contempt).
          Daniels' first point of error is overruled. 
III. NUNC PRO TUNC JUDGMENT
          Daniels also contends the trial court erred in excluding from evidence the
November 15, 2002, nunc pro tunc judgment. The trial court admitted the March 2, 2001,
judgment suspending Daniels from the practice of law, as well as the docket sheet from
that case. The docket sheet noted that a nunc pro tunc judgment had been entered, and
Daniels attempted to introduce that nunc pro tunc judgment into evidence. The trial court
reviewed the order signed September 13, 2002, granting the judgment nunc pro tunc, as
well as the subsequent "judgment nunc pro tunc vacating prior judgment and correcting
clerical errors" signed November 15, 2002. The court concluded that the purpose of the
judgment nunc pro tunc was to make a clerical correction to reflect that the number of days
of active suspension was actually thirty-one days instead of thirty. It therefore concluded
that the judgment nunc pro tunc had no relevance to the proceedings and denied its
admission. 
          Daniels contends the nunc pro tunc judgment was the final judgment in that case,
and as such, was the judgment that should have been considered by the jury. She also
contends that, when the trial court took judicial notice of the docket sheet from that case,
but refused to allow admission of the nunc pro tunc judgment, the court violated the rule
of optional completeness. In addition, Daniels contends that the nunc pro tunc judgment
went into effect on the date it was signed and that she could not have violated the March 2,
2001, judgment because it no longer existed.
          The admission or exclusion of evidence is a matter within the sound discretion of
the trial court. Thus, we review this issue under an abuse of discretion standard. City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). A trial court abuses its
discretion when it acts without regard for any guiding rules or principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). 
          We first address Daniels' contention that the March 2, 2001, judgment ceased to
exist. She cites Bridges v. Wilder, 80 S.W.2d 1081, 1081–82 (Tex. Civ. App.—Beaumont
1935, no writ), for the proposition that, on the entry of a nunc pro tunc judgment, the
original judgment ceases to perform any office whatever and is superseded in every
respect by the nunc pro tunc judgment. Although not explicitly stated, we assume she
contends the November 15, 2002, nunc pro tunc judgment was relevant and admissible
because it superseded and replaced the March 2, 2001, judgment and rendered that
judgment nonexistent. According to this argument, the entry of the nunc pro tunc judgment
made it impossible for her to have violated a judgment that no longer existed. Daniels
misconstrues the law in this regard.
          A nunc pro tunc judgment allows the trial court to correct clerical errors in the
judgment after the court's plenary power has expired. W. Tex. State Bank v. Gen. Res.
Mgmt. Corp., 723 S.W.2d 304, 306 (Tex. App.—Austin 1987, writ ref'd n.r.e.). If the court
attempts to correct a judicial mistake by signing a judgment nunc pro tunc after the
expiration of its plenary power, that judgment is void. See Dikeman v. Snell, 490 S.W.2d
183, 186 (Tex. 1973). 
[A]fter a judgment has become final, the trial court may only correct clerical
errors by nunc pro tunc judgment and may not correct judicial errors. The
salient distinction between "clerical" and "judicial" errors lies in the exercise
of the judgmental offices of the court. A clerical error is one which does not
result from judicial reasoning or determination.

Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986). A judicial error occurs in the
rendering, as opposed to the entering, of a judgment. Escobar v. Escobar, 711 S.W.2d
230, 231 (Tex. 1986). 
          A judgment nunc pro tunc, however, does not disturb the initial judgment determined
by the trial court; it merely brings the court records into conformity with it. Lone Star
Cement Corp. v. Fair, 467 S.W.2d 402 (Tex. 1971); Knox v. Long, 152 Tex. 291, 257
S.W.2d 289 (1953); Perry v. Nueces County, 549 S.W.2d 239, 242 (Tex. Civ.
App.—Corpus Christi 1977, writ ref'd n.r.e.). The determining factor in deciding whether
the effect of an amended judgment is to vacate or merely amend the prior judgment is the
change made. Home Indem. Co. v. Muncy, 449 S.W.2d 312, 315 (Tex. App.—Tyler 1969,
writ ref'd n.r.e.). If the change is judicial in character, that is, if the trial court acts to correct
what is deemed to be a judicial error, the prior judgment is at least in part set aside and
superseded, and the new and later judgment is substituted. Id. If, on the other hand, the
amendment merely corrects a clerical error so as to accurately portray the judgment
rendered in the first instance, then there is no new judgment, but merely a correction of the
old one to make it truly reflect what was actually done. Id. at 315–16. To correct such
clerical errors, a court may render a judgment nunc pro tunc. Escobar, 711 S.W.2d at 231. 
A nunc pro tunc judgment, although signed later, relates back to the date of the original
judgment and is effective as of the earlier date. See Muncy, 449 S.W.2d at 315–16; Gen.
Elec. Co. v. Canyon City Ice & Light Co., 136 S.W. 78, 79 (Tex. Civ. App. 1911, no writ).
          The Dallas Court of Appeals found that the 134th Judicial District Court had
corrected a clerical error. See Daniels, 2003 Tex. App. LEXIS 3258, at *4; see also
Escobar, 711 S.W.2d at 231 (finding correction of numerical error was clerical correction). 
It was not a judicial correction done within the court's plenary power, and as such, the nunc
pro tunc judgment related back to the date of the original judgment and was effective as
of the earlier, March 2, 2001, date. Therefore, the 134th Judicial District Court's judgment
that Daniels was actively suspended beginning March 5, 2001 through April 4, 2001, was
effective and was not rendered nonexistent by the subsequent nunc pro tunc judgment. 
This, however, did not make the nunc pro tunc judgment irrelevant evidence at trial. 
 
          Daniels contends it was error to exclude the nunc pro tunc judgment at trial because
it was the final judgment in the case. We agree. The trial court excluded the nunc pro tunc
judgment as an irrelevant clerical correction. It was, however, the true and correct final
judgment of the court in suspending Daniels' law license. It was, therefore, relevant and
admissible. 
          The Commission argues that admission of the nunc pro tunc judgment would have 
confused the jury and permitted Daniels to argue that the nunc pro tunc judgment
eliminated the original judgment. We believe, however, that excluding the nunc pro tunc
judgment created the greater likelihood of confusing the jury. The original judgment
admitted into evidence contained the conflict in the number of days of Daniels' suspension,
which the nunc pro tunc judgment corrected. Admission of the original judgment, with the
docket sheet reflecting that a nunc pro tunc judgment had been entered, but without the
jury being able to see that nunc pro tunc judgment, presented an incomplete picture and
was more calculated to cause confusion than if the nunc pro tunc judgment had been
admitted. The nunc pro tunc judgment explained and corrected the conflict in the original
judgment. 
          Had the nunc pro tunc judgment been admitted, any attempt by Daniels to then
incorrectly argue the effect of the nunc pro tunc judgment could have been prevented by
a proper objection or by an additional instruction from the court. We hold that the trial court
abused its discretion in excluding the nunc pro tunc judgment. This holding, however, does
not end our analysis. 
          A party complaining of error in the admission or exclusion of evidence need not
show that but for the error a different judgment would necessarily result, but must show
that the error probably resulted in an improper judgment. Alvarado, 897 S.W.2d at 753;
see also Tex. R. App. P. 44.1(a). When we find error, we review the entire record to
determine if the error was harmful. Alvarado, 897 S.W.2d at 754. A successful challenge
to a trial court's evidentiary rulings usually requires the complaining party to show that the
judgment turns on the particular evidence excluded or admitted. See Tex. Dep't of Transp.
v. Able, 35 S.W.3d 608, 617 (Tex. 2000); Alvarado, 897 S.W.2d at 753–54.
          A review of the entire record reveals that the error in excluding the nunc pro tunc
judgment was harmless. Daniels contended to the jury that she relied on the "thirty days"
language in the judgment and believed that she was permitted to practice law on April 4,
2001, which was thirty-one days after March 5, 2001. She contends that, when the court
excluded the nunc pro tunc judgment, she was then prevented from arguing to the jury that
the judge was also mistaken about the period of active suspension. The evidence at trial
showed, however, that Daniels practiced law on April 3, 2001, the thirtieth day of her
suspension, which was prohibited by any reading of either judgment. See Tex. Gov't Code
Ann. § 81.101 (Vernon Supp. 2004). The sufficiency of that evidence is not challenged. 
Daniels therefore did not show that the exclusion of the nunc pro tunc judgment probably
resulted in an improper judgment. See Tex. R. App. P. 44.1. We therefore overrule
Daniels' second point of error.
IV. CONCLUSION
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      July 28, 2004
Date Decided:         August 6, 2004