JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
Respect for state courts is a basic premise of Our Federalism. See McNair v. Allen, 515 F.3d 1168, 1175 (11th Cir.2008) (“Respect for the equality and independence of state courts is a cornerstone of our judicial system.”); cf. Younger v. Harris, 401 U.S. 37, 44-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (discussing the importance of comity vis-a-vis state courts). Given this fundamental principle of respect, we should be particularly reluctant to disregard a state court decree as little more than a sham. Instead, we should presume it to be correct. Because the district court and the majority have done just the opposite, I respectfully dissent.
By the government’s concession, the Texas court’s valid nunc pro tunc (NPT) decree — if honored in federal court — would conclusively establish Esparza’s derivative citizenship defense.[1] Yet neither the district court nor the majority has accorded proper respect to that decree. The district court erred by presuming the invalidity of the NPT decree and instead presuming valid the superseded 1994 decree. See United States v. Esparza, 719 F.Supp.2d 782, 784 (S.D.Tex.2010) (“The Court accepts the 1994 Decree as presumptively valid....”).[2] The majority compounds this error. It stresses the “highly suspect” timing of the issuance of the decree[3] and speculates that the Texas judge who signed the NPT decree lacked personal familiarity with the 1994 divorce proceedings.[4] Our state courts deserve better from us. I would reverse and remand for the district court to apply the proper presumption — that the NPT decree is valid and accurate unless and until disproven by the government.

. Nunc pro tunc literally means "now for then.” Black’s Law Dictionary 1174 (9th ed.2009). In Texas, nunc pro tunc decrees are available to correct clerical errors in a judgment and "relate! ] back to the date of the original judgment.” Daniels v. Comm’n for Lawyer Discipline, 142 S.W.3d 565, 573 (Tex.App. — Texarkana 2004, no pet.).

. The district court relied heavily on Bustamante-Barrera v. Gonzales, 447 F.3d 388 (5th Cir.2006). Unlike this criminal case, however, Bustamante arose in the naturalization context, where the petitioner bears the burden of proof and the court must resolve all doubts in favor of the government. Id. at 394-95. Moreover, Bustamante explicitly left open the possibility that future NPT decrees could establish derivative citizenship. Id. at 401.

. Never mind that NPT decrees, by their nature, will often be sought years after the original judgment, when a clerical mistake is discovered.

. Never mind that this objection was not raised before the district court and, even if true, is immaterial to the legitimacy of the decree.